## Baldwin vs. Hiers.

1. Where one, whose son desired to purchase certain goods, agreed with the owner that if he would let the son have such goods, he (the father) would see the debt paid or would pay it, this was an original and not a collateral undertaking; and being founded on a sufficient consideration, is good and binding on the promisor. Had the promise been that the father would pay the debt if the son did not, such a promise would have been to answer for the debt, default or miscarriage of another, and would have been void unless in writing.
2. That the promisor was sued in a justice's court as a guarantor would make no difference, there being no pleadings in that court.
3. Although the evidence was conflicting, and this court would have been satisfied to have allowed a verdict in the justice's court to stand, yet, where the judge of the superior court has set aside the verdict on *certiorari*, it is equivalent to the grant of a first new trial, and this c )urt will not interfere.

October 2, 1884.

Contracts. Debtor and Creditor. Statute of Frauds. Guaranty. Justice Courts. Practice in Superior Court. *Certiorari*. Before Judge CLARKE. Terrell Superior Court. May Term, 1884.

L. S. Baldwin brought suit against Charles Hiers, and John A. Hiers as guarantor, in a justice's court, on March 22, 1881. The account attached to the summons was in the name of Charles Hiers. The justice entered judgment for the plaintiff, an appeal was entered, the jury found for the plaintiff, and a *certiorari* was sued out by the defendant, John A. Hiers. The evidence for the plaintiff on the trial in the justice's court was that Charles Hiers was the minor son of John A. Hiers; that the latter told

plaintiff to let Charles and another son have goods and charge them to the one who purchased them; to let them have goods, and he (John A.) would see that plaintiff got the money for them; and the goods were furnished accordingly.

Defendant, John A., denied any such agreement, or that he owed the account, and testified that the son worked for himself during the year. The son denied the correctness of the account, and asserted that he purchased most of the goods charged, but that some of the account was really for whiskey, though charged under other names.

The court sustained the *certiorari* and ordered a new trial. Plaintiff excepted.

T. H. PICKETT, by brief, for plaintiff in error.

G. W. WARWICK; L. C. HOYL, by R. J. JORDAN, for defendant.

BLANDFORD, Justice.

1. The plaintiff sued the defendant in a justice's court as guarantor, and obtained a verdict in his favor. The evidence showed that the son of the defendant wished to purchase goods from the plaintiff, and the defendant agreed if plaintiff would let defendant's son have the goods, he, defendant, would see it paid. This was an original and not a collateral undertaking. If the promise had been that he would pay the debt if his son did not, then such a promise would be void unless reduced to writing; it would be a promise to answer for the debt, default or miscarriage of another, but an undertaking that if plaintiff would let defendant's son have goods, he would see it paid, or would pay it himself, is an original undertaking, founded on a sufficient consideration, and is good and binding on defendant.

2. And the defendant being sued in a justice's court as

guarantor would make no difference, as there are no pleadings in that court.

3. We think the evidence was sufficient to sustain the verdict and judgment in the justice's court, and would have been satisfied if the court below had allowed the same to stand; but as the court thought proper to reverse and set aside the judgment of the justice's court, we will not interfere, as this is equivalent to the first grant of a new trial. The court below is nearer the parties and witnesses than we are. The testimony is conflicting, and we will let the judgment of the court below stand.

Judgment affirmed.