CRUSE *vs.* FOSTER & ESTES.

Where the evidence was conflicting on material issues in the case, and the presiding judge sustained the *certiorari*, and thereby granted a first new trial, this court will not interfere.

(*a.*) If the plaintiffs refused to furnish goods to a son on credit, and were informed by the father that, if they would do so, he would see that they were paid, and they thereupon furnished goods to the son and charged them on their books to the father and son merely as a memorandum, to enable them to distinguish this from another individual account of the father, and to show precisely the amount furnished to the son, in the absence of other testimony, this would be sufficient to uphold the contract of the father as an original undertaking.

(*b.*) A test whether the undertaking is original or collateral may be furnished by the question whether the son is still held liable.

April 20, 1886.

New trial. Statute of Frauds. Principal and Surety. Before Judge BROWN. Forsyth Superior Court. August Term, 1885.

Reported in the decision.

GEO. N. & D. P. LESTER; R. P. LESTER, for plaintiff in error.

No appearance for defendants.

HALL, Justice.

This *certiorari* was sustained and a new trial ordered. The question made in the case was, whether the account, the foundation of the suit in the justice's court, was an original undertaking on the part of John L. Cruse, Sr., or a collateral engagement to answer for the debt or default of his son. There was as much, or perhaps more, evidence to show that it was the former as the latter. The plaintiffs in the original suit had refused to furnish goods to the son on credit, when they were informed by the father that if they would do so, he would see that they were paid. They then supplied the son with goods, and charged them on their books to father and son. The father had an individual account with them, and they explained that they made the charge to both, when the son got goods, to serve as a memorandum to enable them to distinguish the two accounts and show precisely the amount furnished the son. Had there been no other testimony than this, it would have been sufficient, as we think, to have upheld the contract as an original undertaking. *Baldwin vs. Hiers*, 73 *Ga.*, 739. The plaintiff in error showed by his testimony that it was his agreement to pay, if his son did not, and he insisted that the son was still held liable, and was joined with him as a defendant in the suit, which affords a test for determining whether his was an original or collateral undertaking. *Davis, receiver, vs. Tift*, 70 *Ga.*, 52, 55. But in reply the plaintiffs insist this was a joint undertaking on the part of both father and son which distinguishes it from the case last cited. Be this as it may, the testimony is conflicting on the point, and this being the first grant of a new trial, we do not feel authorized to interfere with it.

Judgment affirmed.