ELLIS *vs.* MURRAY & WORD.

The evidence in this case showed that the defendant bought the coffin, for the price of which suit was brought against her; and although it was for the use of another person, her undertaking was original and not collateral, and she was not protected by the statute of frauds.

December 21, 1886.

Contracts. Statute of Frauds. Before Judge BOYNTON. Spalding Superior Court. February Adjourned Term, 1886.

Murray & Word sued Mrs. Mary E. Ellis in a justice's court for $16.00 for a coffin. The case was appealed to a jury. A witness for the plaintiff testified, in brief, as follows : Corley, a negro working on the place where the defendant and her husband resided, went, in company with one Bottoms, to get defendant's husband to stand his security for a coffin in which to bury his wife. Ellis was not at home, and defendant told them to go to town and get a cheap coffin and she would see it paid for. They went and got one for $16.

Corley testified that defendant told Bottoms to go to town and get as cheap a coffin as he could; that the coffin was furnished on that message or order; that he carried a bill for it to the defendant, who said it was all right and she wanted him to work faithfully and pay her for it, as she had to pay the amount; that when his wife died, he told defendant that if she would not assist him to get a coffin, he would have to get Bottoms to get it for him and work it out; and that she said he should have it, and she was as able to get a coffin as Bottoms.

One of the plaintiffs testified that Bottoms and Corley came to the store, bought the coffin and said the defendant would pay for it; that it was charged to her; that witness did not know her personally, but knew her as the wife of Jeff. Ellis; did not know whether she had any separate

estate; knew she was a married woman and lived with her husband; would not have sold the coffin to Bottoms and Corley if they had not said defendant would pay for it; they extended credit to defendant and no one else, and never looked to any one else for pay.

Defendant testified that Bottoms and Corley urged her to become security for the latter; that she at first refused, but finally told Bottoms that if he would buy the coffin, she would be responsible to him for $4 or $5; that she never told them to buy the coffin and charge it to her, nor that she would pay for it; that Corley did not present the bill to her, and she never knew it was charged to her until the following fall, when she was called on for the money; that sometime after the coffin was bought, Corley told her that they had to pay $16 for a coffin, but that Word (one of the plaintiffs) said Corley had an honest face and he would trust him for it, and if he could not pay him for it, he could come and work it out. As to this conversation, the defendant was corroborated by another witness.

The jury found for the plaintiffs. The defendant carried the case to the superior court by *certiorari*, alleging error because the contract was only, at most, one to become security for another and was in parol, and that the defendant was a married woman and could not bind her estate by any contract of suretyship. The court overruled the *certiorari* and sustained the finding of the jury, and the defendant excepted.

Robt. T. Daniel; Hall & Hammond, by brief, for plaintiff in error.

N. M. Collens, for defendants.

Blandford, Justice.

Plaintiff in error was sued for the price of a coffin sold to her, and the testimony showed the coffin was sold to plaintiff in error, although it was for the use of another person.

The undertaking on her part was original, and not as security of another, or to answer the debt, default or miscarriage of another person ; the judgment was properly rendered against her, and she was not protected under the statute of frauds.

Judgment affirmed.