## 124. EVANS *v.* GRIFFIN.

Where A, in consideration of a sum of money loaned him by B, promises to do labor for B until such money is repaid, and C, who desires A released from that contract, orally promises to pay B the money which has so been loaned, in consideration of B's surrendering his contract with A, the contract between B and C is an original undertaking, and is not required to be in writing, under the statute of frauds.

Certiorari, from Putnam superior court—Judge Lewis. March 20, 1906.

Submitted February 19,—Decided February 28, 1907.

*W. T. Davidson,* for plaintiff in error. *Turner & Adams,* contra.

POWELL, J. Griffin sued Evans in the justice's court, on the following account. "To amount of account advanced to Will Jordan, $39.46." The defendant pleaded the statute of frauds. The evidence was, that in 1905 Jordan was working with Griffin as a cropper; in the fall Jordan procured money from Griffin, promising to remain in his service until he repaid him with labor; in December Evans came to Griffin and told him that he had hired Jordan for the year 1906, to which Griffin replied that it would be all right, but that Jordan owed him $39.42; and Evans said, "Well, I will pay it before I move him;" at the time he moved Jordan, Evans told Griffin that he had not sold his cotton, but that he would pay the amount as soon as he sold the cotton; he did not pay the sum so promised; the promise was oral. The plaintiff testified, that while he had not marked the account on his books against Jordan settled, yet he no longer considered or claimed that he still retained the indebtedness against him. The jury in the justice's court found a verdict in favor of the plaintiff, and the defendant brought certiorari; which was overruled. To this the defendant excepts.

The "promise to answer for the debt, default, or miscarriage of another," required by the statute of frauds (Civil Code, §2693, par. 2) to be evidenced by writing, and not otherwise, is that collateral contract by which the second promisor becomes bound along with the original promisor; and does not include an original undertaking whereby a new promisor, for a valuable consideration between him and the promisee, substitutes himself as the party who is to perform, and releases the original promisor from liability under the contract. Birkmyr *v.* Darnell, 1 Smith's L. C. (8th ed.) 317, *326 (Salk. 27), and notes; Ferst v. Bank of Waycross, 111 *Ga.* 229, and cit. We gather from the admirable brief filed by counsel for the plaintiff in error that this is conceded to be the correct rule; but it is insisted that the contract between Evans and Griffin was nudum pactum, because Evans's contract with Jordan was for the year 1906, while Griffin's was only for the year 1905; it is inferentially insisted that since, under well-recognized decisions of the Supreme Court, Jordan could not have been prosecuted criminally for leaving Griffin in violation of his contract, no loss or damage accrued to Griffin by his so doing. This does not follow. Jordan had made a contract with his employer to work

with him until he repaid the indebtedness; if he broke that contract a civil cause of action against him arose in favor of Griffin. This right to have the laborer either perform his agreement or respond in damages was, in legal contemplation, a valuable right; and the giving up of this right at Evans's instance was a sufficient consideration to support the contract between Griffin and Evans. When we consider that Jordan's contract was to perform labor and that Evans's contract was to pay money, it seems to make it the clearer that Evans did not undertake to guarantee Griffin against a default on Jordan's part. The consideration which Jordan had given for the furnishing of the money to him was a promise to perform labor. Evans did not say to Griffin, "I will guarantee performance of this labor, or pay the damages for its not being performed;" but the reasonable intendment to be given to his words and acts is that he, in effect, said to Griffin, "If you will surrender this contract I will pay you $39.46." This made a new and original contract, supported as to consideration, on the one part by Griffin's surrender of his former contract, and on the other part by Evans's promise to pay the stated amount of money. Such a contract is not within the purview of the statute of frauds.

*Judgment affirmed.*