1083. SOUTHERN STATES LIFE INSURANCE COMPANY *et al. v.*
STATHAM.

POWELL, J. 1. In considering, on demurrer, the petition in an action upon several written contracts, the court will look to the writings alone to determine their meaning and legal effect, where they are unambiguous, and will disregard conclusions of the pleader contrary to the true construction.

2. A necessary incident to the existence of the relationship of principal and surety is that the principal shall contract to assume the obligation as to which the suretyship arises.

3. If A contracts to perform services for B, but upon the distinct understanding that B shall not be liable to pay therefor, and that A shall be paid by C, who obligates himself to do so, the relationship of principal and surety as to this transaction is not created between B and C; nor are B and C joint obligors as to the debt due A. The rule is not changed by reason of the fact that C is the agent of B.

4. In the case at bar the written contracts disclosed, that no liability attached to the only defendant suable in the venue where the action was instituted, that the other defendants were residents of this State and of a county other than that in which the suit was brought, and that they were not joint obligors. The court erred in not dismissing the action, on demurrers properly raising these points.     *Judgment reversed.*

Complaint, from city court of Americus—Judge Crisp. February 29, 1908.

Argued May 6,—Decided July 8, 1908.

Statham sued the Southern States Life Insurance Company, a corporation of Alabama, having an agent and a place of transacting business in Americus, Sumter county, Georgia, and the General Agency Company and R. K. Shaw, both of Fulton county, Georgia, to recover $1,881.34 principal, besides interest. The action was based on three written instruments: the first being a contract between the insurance company and Statham; the second, a contract between the agency company and Statham; the third, a contract between Shaw and Statham. The first sets forth that Statham is appointed an agent of the company, to solicit applications for insurance and to collect the first premium on policies; that for his services and all expenses he shall receive specified commissions on the premiums collected, and other specified commissions on renewals; and that it is understood and agreed by him that all said commissions shall be paid to him by the agency company, and that the insurance company is in no way liable for the payment thereof. This contract contains numerous other provisions

and stipulations, which need not be stated here.   The second con-
tract sets forth, that, in consideration of Statham having entered
into the aforementioned contract with the insurance company (a
copy of which is attached to and made a part of this agreement),
the agency company hereby agrees that should Statham fail to
earn commissions on business written under the contract with
the insurance company, within the next twelve months, amounting
to $3,250, the agency company will pay to him such sum of money
as may be necessary to make good the difference between the amount
of commissions so earned and the sum just named; this agree-
ment to be void should he cease during that period to devote his
entire time and attention to securing business for the insurance
company.   The third contract is like the second, except that it
states the sum of $4,250 instead of $3,250, and that it limits the
liability of Shaw to $1,000.

The plaintiff alleged, that the contract was one, though evi-
denced in three separate documents, by the terms of which he
was employed as agent of the insurance company at a salary of
$4,250 per annum, and the sum sued for is the balance due him
thereunder; that Shaw was the agent of the insurance company
and its director of agencies, and had power and authority to em-
ploy and contract with agents of it; that the agency company is
a plan or method of the insurance company of employing and
handling its agencies, and is a part and parcel of the insurance
company in the conduct and management of its business and its
agent to conduct the same; that it employed the agency com-
pany and Shaw as its agents, acting for it and on its behalf, in the
employment of Statham as agent, and became liable to him in the
full amount of said salary, jointly and severally with the agency
company and Shaw; that after their execution the defendants
treated and construed the three contracts as one, and dealt with
Statham under them as one contract of employment of him as
agent of the insurance company at a salary of $4,250 per annum,
and the insurance company paid to him, under said contract, $81.73
per week; and that the agency company and Shaw were and are
the sureties for the insurance company, and no benefit followed
to them or either of them by said contracts or obligations, but
the consideration was a benefit given to the insurance company
as principal.

Each of the defendants demurred generally, and on the grounds: (1) that no facts are set forth that give the court jurisdiction of person or subject-matter; (2) for misjoinder of parties defendant; (3) for misjoinder of causes of action. The demurrer was overruled, and the defendants excepted.

*Jackson & Orme, Allen Fort & Son,* for plaintiffs in error.
*E. A. Hawkins,* contra.