### 3481. HARRIS *v.* PAULK.

The plaintiff having failed to prove his case as laid, the court did not err in awarding a nonsuit. The facts in the present case differentiate it from the case of *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921). In that case the undertaking of the defendant to assume the obligation of the original debtor, and the absolute release of the latter by the creditor in connection with the assumption of the original debtor's debt by the defendant, created an original undertaking on the part of the defendant; in the present case, as the original debtor was not released, the obligation of the defendant was merely one of suretyship, and therefore was required to be in writing.

DECIDED JANUARY 15, 1912.

Complaint; from city court of Blakely—Judge Rambo. June 19, 1911.

*Glessner & Park,* for plaintiff. *Byron R. Collins,* for defendant.

RUSSELL, J. Harris sued Paulk in an action of complaint, alleging that the latter, moved by a good consideration set forth in the petition, approached him, and, after certain negotiations, assumed individually certain indebtedness due by one Thompson to the plaintiff, the plaintiff agreeing to release Thompson from the indebtedness. The contract, as set up in the petition, was identical in general details with the one passed upon by this court in *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921), and the petition was not demurrable for any reason.

Upon the trial the plaintiff did not prove his case as laid. Instead of proving that Thompson was released, and that Paulk assumed Thompson's debt as an original undertaking, the testimony in behalf of the plaintiff tended merely to show that Paulk became surety for the payment of the indebtedness due by Thompson to the plaintiff. The defendant made a motion for a nonsuit, and, though this motion was overruled when it was first made at the conclusion of the plaintiff's testimony, the court reconsidered this ruling, and, in the course of the testimony for the defendant, awarded a nonsuit.

The facts of the instant case clearly distinguish it from the case of *Evans* v. *Griffin,* supra. In that case "Evans came to Griffin and told him he had hired Jordan for the year 1906, to which Griffin replied that it would be all right, but that Jordan owed him $39.42, and Evans said, 'Well, I will pay it before I move him.' At the time he moved Jordan, Evans told Griffin he had not sold his cotton, but that he would pay the amount as soon as he sold the cotton. He did not pay the sum so promised; the promise was oral. The plaintiff testified, that while he had not marked the account on his books against Jordan settled, yet he no longer considered or claimed that he still retained the indebtedness against him."

In the present case, Harris testified: "I told him he would have to pay me my money if I released the negro from his agreement to work for me. But he would not agree to that, but said he would pay me half of the amount in the fall of the year, and, if the negro remained on his place for the year 1908, he would see that I got

the balance in the fall of that year. I agreed to this·and let him have the negro." On cross-examination he testified: "I charged the negro's account to Joe Jenkins, 'by Louis Thompson,' and I look to Joe Jenkins to pay me. . . I did not release Joe Jenkins. I did not release the negro from his indebtedness to me, but never called on him for payment of it. I may have turned my account against this negro over to a collection agency to collect, but if I did I don't remember it. It is true that after I made this contract with the defendant I looked to all of them for payment, Joe Jenkins, Louis Thompson, and Mr. Paulk. I expected to get my money out of one of them. I did not care who paid me, so long as I got my money."

We think the court was right in construing this testimony as creating nothing more than a contract of suretyship, which, under the statute of frauds, must have been in writing to be enforceable. Even if in a sense the plaintiff proved his case in his direct testimony, yet, on cross-examination, construing his testimony by the rule laid down in *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2), (46 S. E. 674), he disproved his right to recover; consequently the award of a nonsuit was not error. In the case of *Evans* v. *Griffin,* supra, the creditor accepted the substitution of the defendant in lieu of the original debtor, and absolutely released the latter. In the case at bar, as the creditor testified himself that he had neither released the original debtor nor a former surety, it can not be said that he agreed to an assumption by Paulk of Thompson's liability, as an original undertaking on Paulk's part, in entire substitution for Thompson's prior liability.          *Judgment affirmed.*