7309. CORDRAY v. JAMES.

</div>

JENKINS, J. 1. Where a person tells another to let a third person have goods, and that he will see that the debt is paid, and credit is accordingly given the promisor, the promise is an original and not a collateral undertaking, and is not within the statute of frauds. *Baldwin* v. *Hiers*, 73 *Ga.* 739; *Maddox* v. *Pierce*, 74 *Ga.* 838; *Cruse* v. *Foster*, 76 *Ga.* 723; *Ellis* v. *Murray*, 77 *Ga.* 542; *Crowder* v. *Keys*, 91 *Ga.* 180 (16 S. E. 986); *Henderson* v. *Hughes*, 4 *Ga. App.* 52 (60 S. E. 813).

2. In all such cases, in order that the promisor shall become bound for the obligation, it is requisite that the credit shall be given exclusively to the promisor; for, if the effect of such an agreement between the promisor and the seller should be that such third person also is to be responsible, the contract would be merely one of suretyship, and not an original undertaking. *Reynolds* v. *Simpson*, 74 *Ga.* 454; *Davis* v. *Tift*, 70 *Ga.* 52; 20 Cyc. 180, E.

3. Where a promisor, by contract with the seller, thus renders himself solely responsible for the sale of goods furnished to another, and the seller so enters the sale and charges the items upon his books of account, a jury may find accordingly even though the party to whom the goods were actually furnished was ignorant of such contract between the promisor and seller, and regarded himself as the sole purchaser. *Cruse* v. *Foster*, supra, 20 Cyc. 183; 15 L. R. A. (N. S.) 224, note.

4. There was no error in ruling out testimony of the defendant in which

he endeavored to explain his good faith in failing to pay the account in accordance with his alleged agreement, where it appeared that such agreement related to a date subsequent to that of the sale. Such an agreement being a nudum pactum, evidence upon this point is immaterial. The sole question in such an issue is whether or not the defendant made an original binding promise, before the sale of the goods, that he would pay for them.

5. The charge of the court, carved up as in the motion for a new trial, may possibly contain slight inaccuracies of statement, but the whole charge, taken together, is free from substantial error, and correctly gave the rules of law governing the facts of the case. The verdict was authorized by the evidence.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED JANUARY 23, 1917.

Complaint; from city court of Blakely—Judge Sheffield. February 22, 1916.

*Glessner & Collins,* for plaintiff in error. *Billie B. Bush,* contra.