8367.  KERSEY *v.* McGOWAN UNDERTAKING COMPANY.

Upon the question whether the contract of the plaintiff in error was an original undertaking or one of suretyship, the finding of the jury that it was his original undertaking was not authorized by the evidence.

DECIDED NOVEMBER 1, 1917.

Certiorari; from Brooks superior court—Judge Thomas.  December 9, 1916.

*Bennet & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

LUKE, J.  The controlling question in this case is whether Kersey's contract was an original undertaking or was a contract of suretyship, which, under the statute of frauds, must have been in writing to be enforceable.  Civil Code, (1910), § 3222 (2).  Upon this question the plaintiff's representative testified: "My recollection is that W. M. Kersey said for me to let Taylor have the coffin and dress, and he would see that I got my money. . . *I charged the account to J. S. Taylor and W. M. Kersey, and I am looking to both of them for the money* [italics ours]. . . In a subsequent conversation between me and Kersey, in the presence of J. H. Hunter, Kersey said: 'I did not tell you I would pay for the goods, I told you I would see that you got your money.'" As to the negotiations at the time the credit was extended, Kersey testified: "I then stated that I would keep in behind J. S. Taylor and make him pay so much each month, and I would see that the McGowan Undertaking Company got its money." The suit was against Taylor and Kersey jointly. Under this evidence the jury

were not authorized to find that Kersey's contract was an original undertaking, that is, that the debt sued for was the sole undertaking of Kersey. *Baldwin* v. *Hiers,* 73 *Ga.* 739; *Maddox* v. *Pierce,* 74 *Ga.* 838; *Cruse* v. *Foster,* 76 *Ga.* 723; *Crowder* v. *Keys,* 91 *Ga.* 180 (16 S. E. 986); *Cordray* v. *James,* 19 *Ga. App.* 156 (2) (91 S. E. 239). It was, therefore, error to overrule the certiorari sued out by Kersey.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*