## 13590. EASTERLING *v.* BELL.

JENKINS, P. J. 1. "Where a person tells another to let a third person have goods, and that he will see that the debt is paid, and credit is accordingly given" exclusively to the promisor, "the promise is an original and not a collateral undertaking, and is not within the statute of frauds." *Cordray* v. *James*, 19 *Ga. App.* 156 (91 S. E. 239); *Trapnell* v. *Bird*, 21 *Ga. App.* 21 (2) (93 S. E. 498). Where, therefore, as in the instant case, a physician thus renders professional services to the minor son of a tenant solely upon the credit of the landlord's promise to pay for such services, the transaction does not fall within section 3222 (2) of the Civil Code (1910), requiring a promise "to answer for the debt, default, or miscarriage of another" to be in writing.

2. Where a witness swears positively that he recognized the voice of another over the telephone, after having previously talked at least once with such person in like manner, and testifies as to such last conversation, this evidence, unobjected to, will not, in considering the general grounds of a motion for new trial, be rejected as hearsay or without probative value in establishing an alleged promise made during the telephone conversation, merely because of the instrument of communication or the meager previous opportunity of the witness to hear the voice of the person over such instrument. The criticism of such testimony goes only to the weight which must be accorded to it by the jury. *Stamps* v. *Fruit Dispatch Co.*, 8 *Ga. App.* 503, 506 (70 S. E. 81). In *Planters Cotton Oil Co.* v. *Western Union Tel. Co.*, 126 *Ga.*

3C

621 (55 S. E. 495, 6 L. R. A. (N. S.) 1180), and *Stewart* v. *Fisher*, 18 *Ga. App.* 519 (3) (89 S. E. 1052), the witnesses did not purport to positively identify the voice of the person speaking.

3. Although the evidence for the plaintiff was weak, it cannot be said that the verdict in his favor was absolutely unauthorized, and in such a case this court can not interfere .with the discretion of the trial judge in refusing a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 8, 1923.

Complaint; from city court of Reidsville — Judge Cowart. April 3, 1922.

*J. T. Grice, D. L. Stanfield,* for plaintiff in error.

*Elders & Eason,* contra.