14759.   TATUM *v.* WATERS, survivor.

BELL, J.   1. Where, on the trial of an action for the purchase price of goods charged to the defendant but delivered to another, the evidence makes a case of sales wholly on the authority, oral or written, of the defendant, and wholly on his credit, he is the original debtor, and the law of promise to answer for the debt, default, or miscarriage of another, as contained in the statute of frauds, is not applicable. *Casteel* v. *Allgood,* 31 *Ga. App.* 107 (1) (119 S. E. 456) ; *Easterling* v. *Bell,* 29 *Ga. App.* 465 (1) (116 S. E. 50). Where, then, one person gave to a merchant a written agreement or order authorizing the merchant to furnish supplies to a third person to a certain amount, upon the credit of the writer, it was not necessary, when the supplies had been furnished to this amount, that the authority of the merchant to make further sales to such third person upon the credit of the writer of the order should again be in writing. The defendant in the present action denied that he had given any authority except in a writing and for a certain amount less than that claimed in the plaintiff's suit, but there was evidence sufficient to authorize an inference that he had given oral authority for further sales upon his credit, and the verdict found for the plaintiff was supported.

2. Where newly discovered evidence is insisted on as a ground for a new trial, and, from a counter-showing made, it appears that the evidence

is conflicting as to the truth of the facts claimed to be newly discovered, this court will not interfere with the discretion of the court below either in granting or refusing a new trial upon such ground. *Atlanta Consol. Street Ry. Co.* v. *McIntire*, 103 *Ga.* 568 (2) (29 S. E. 766).

3. Applying the above rulings, the court did not err in overruling the defendant's motion for a new trial.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED NOVEMBER 27, 1923.

Complaint; from Milton superior court—Judge Blair.   May 19, 1923.

*George F. Gober, G. B. Walker,* for plaintiff in error.

*J. P. Brooke,* contra.