### 16453.  Pope v. Ellis.

Broyles, C. J.  1. Where a physician renders professional services to a minor child of a tenant, solely upon the credit of the landlord's promise to pay for such services, the promise is an original and not a collateral undertaking, and is not within the statute of frauds. *Easterling* v. *Bell,* 29 *Ga. App.* 465 (1) (116 S. E. 50), and citations. In the instant case the jury were authorized to find, from the evidence, that the landlord (the defendant) did make, in substance and effect, such a promise.

(*a*) In such a case the jury may find that the promisor is liable for the services of the doctor, even though the father of the child treated was ignorant of the contract between the promisor and the doctor, and regarded himself as solely liable for such services. *Cordray* v. *James,* 19 *Ga. App.* 156 (3) (91 S. E. 239).

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

Decided July 14, 1925.

Complaint; from Wilkes superior court—Judge Perryman. April 18, 1925.

*W. A. Slaton,* for plaintiff in error.

*C. E. Sutton,* contra.