23279. THOMASON *v.* PEASE COMPANY.

DECIDED OCTOBER 28, 1933.

*Foley & Chappell,* for plaintiff in error.
*A. W. & John G. Cozart,* contra.

SUTTON, J. J. D. Thomason & Company, a corporation, of which J. D. Thomason was an officer and in which he owned "many shares of stock," was indebted to the Pease Company in the sum of $804.31 principal. The Pease Company threatened the debtor cor-

poration with legal action and to force it into bankruptcy, if it did not pay the above indebtedness. Thereupon J. D. Thomason, fearing that the creditor corporation would force collection of the debt, and fearing that it would institute bankruptcy proceedings against the debtor corporation, and thereby cause him great personal loss, made a written proposal to the creditor that if the creditor would not force the collection of the debt at that time, he would "guarantee" a substantial payment on the account in December, "and, to show good faith," he would "personally assume the obligation." The creditor replied in writing that if it received such substantial payment in December, and if J. D. Thomason would "assume and guarantee the payment of the obligation," and write it a "letter of guarantee in this connection by return mail," it would forbear the forcing of the payment of such indebtedness at that time. J. D. Thomason then wrote to the creditor that a check "for a substantial amount" would "be mailed during" December, and further stated in the letter, "As contained in my other letter, I personally guarantee the account of J. D. Thomason & Company." Said payment was not made in December or thereafter, and J. D. Thomason refused to pay the indebtedness. The Pease Company then filed suit against Thomason. The petition made the above case. The defendant demurred to the petition, upon the grounds that the petition set forth no cause of action against him, because said written communications did not constitute a binding contract, and because the petition, with the writings attached thereto, affirmatively show that the purported contract between plaintiff and defendant is a nudum pactum, without consideration, and void and unenforceable. The court overruled the demurrer, and to this judgment the defendant excepted.

While "a writing relied on to satisfy that provision of the statute of frauds which requires a promise to pay the debt of another to be in writing must either itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence" (*Pearce* v. *Stone Tobacco Co.*, 125 *Ga.* 444, 54 S. E. 103) ; *F. & W. Grand Stores Inc.* v. *Eiseman*, 160 *Ga.* 321, 325, 127 S. E. 872), under the view which we take of this case it is not necessary to determine whether the contract relied on was sufficient to identify the debt assumed, without the introduction of parol evidence. When the promise to pay the debt of an-

other arises out of some new and original consideration or benefit, or harm, moving between the new contracting parties, the contract is not within the statute of frauds, although it may be in form a promise to pay the debt of another, and although the performance of such new contract will have the effect of extinguishing the liability of the original debtor. When a promise to be answerable for the debt of another is based upon a consideration which moves to benefit the promisor by inducing delay in the institution of proceedings that might break up the business of the original debtor, in which business the promisor is pecuniarily interested, the obligation is in fact his own debt, notwithstanding its form, and consequently not within the statute of frauds. *Ferst's Sons & Co.* v. *Bank of Waycross,* 111 *Ga.* 229, 231 (36 S. E. 773).

Applying this principle to the facts of this case, the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*