## 28663. HALE v. LIPHAM.

DECIDED MARCH 12, 1941. ADHERED TO ON REHEARING APRIL 4, 1941.

798

*Lamar Camp, Wright & Willingham,* for plaintiff in error.

*Maddox & Griffin,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) In his petition as finally amended the plaintiff alleged, in substance, that

he had sold the real estate to Freeman for a consideration of $1000, and had given Freeman a deed thereto, but that Freeman had not paid the plaintiff the purchase-money, and was indebted to the plaintiff therefor; that it was agreed between the plaintiff and the defendant, and also Freeman, that the plaintiff would consent to Freeman's selling the property to the defendant for a consideration of $1000, and that the plaintiff would relinquish any claim which he might have against the land for the purchase-money due by Freeman in consideration of the defendant's paying to the plaintiff $500 which represented part of the purchase-money which the defendant had agreed to pay to Freeman. It appears from the plaintiff's evidence, that, as alleged, he had sold the property to Freeman for $1000, and Freeman had not paid him the purchase-price therefor; that it was agreed between the plaintiff, the defendant, and Freeman that Freeman would sell the property to the defendant, and the defendant would pay to the plaintiff $500 of this money; that the plaintiff and the defendant were present when Freeman sold the property to the defendant and executed a deed to him; that the defendant then asked the plaintiff to indulge him in the payment of this $500, and the plaintiff agreed to do this; and that the defendant has never paid the plaintiff this money. While there is no direct evidence to the effect that it was agreed between the plaintiff and the defendant that the plaintiff would relinquish all claims which the plaintiff might have against the property by reason of Freeman's having failed to pay to the plaintiff the purchase-money due to the plaintiff by Freeman, it does appear that the defendant knew that Freeman had not paid to the plaintiff such purchase-money and owed it to him. It is clearly inferable from the evidence that, because of Freeman's indebtedness to the plaintiff, the plaintiff had agreed to the sale of the property by Freeman to the defendant in consideration of the defendant's paying to the plaintiff $500 of the purchase-money which the defendant was to pay to Freeman for the property, and that the defendant agreed to pay to the plaintiff the $500 in consideration of the plaintiff's consenting to Freeman's selling the property to the defendant, which necessarily meant that the plaintiff relinquished any right which he may have had to go against the property for the unpaid purchase-money due by Freeman to the plaintiff.

It appears from the testimony of Freeman, that, after this suit had been filed, Hale admitted that he was indebted to the plaintiff the $500 sued for. The evidence, including the defendant's admission, was sufficient to authorize a finding of $500 for the plaintiff. The petition as originally drawn alleged that Freeman claimed title to the property under an alleged deed from the plaintiff, which Freeman had obtained through fraud, and that if the plaintiff had executed the deed it had been executed when he was not mentally capable of executing a deed. It was then further alleged that "this claim," whatever this claim was, on the part of the plaintiff was known to the defendant, and that it was agreed between the defendant, Freeman, and the plaintiff, that if the plaintiff "would not file any suit to recover said lands, but would permit the said Freeman to complete said trade [meaning the sale and conveyance of the land by Freeman to the defendant] and execute a deed to the defendant, that said consideration was to be divided and petitioner would receive the sum of $500." It was further alleged that in accordance "with said agreement" the plaintiff did not file suit to recover the land, but was present when the deed from Freeman to the defendant was made, and consented to the making of this deed. This petition was demurred to on the ground that the contract sued on was unenforceable under the statute of frauds, in that it was not in writing. This demurrer was overruled. This court, in *Hale* v. *Lipham,* 61 *Ga. App.* 191 (6 S. E. 2d, 115), in passing on the exceptions to the overruling of this demurrer held that the contract sued on was not unenforceable as being within the statute of frauds. The court in its opinion, referring to the ground of demurrer which raised the question of the statute of frauds, stated as follows: "Under the contract pleaded, Lipham never undertook to sell, convey, or transfer any land or any interest therein to either Hale or Freeman. He merely agreed 'not to file any suit to recover' the land and to 'permit . . Freeman to complete said trade and execute a deed to defendant;' and with that obligation he complied. Freeman agreed to execute a deed to the land to Hale, and did so. Hale promised to pay one half of the agreed selling price of the land to Freeman and the other half to Lipham. He promptly paid Freeman, but failed and refused to pay Lipham. It thus appears that the only conveyance of land contemplated by the parties was executed, and that the contract

was fully executed with the exception that Hale never paid Lip-, ham as he agreed to do. In these circumstances we are satisfied that Hale's promise to pay Lipham half of the selling price of the land is not within the requirement of Code § 20-401(4), that 'any contract for sale of lands, or any interest in, or concerning them,' shall be in writing. We therefore hold that the court did not err in overruling paragraph 3 of the demurrer." The demurrer in that case did not point out wherein the contract came within the statute of frauds. It just alleged generally that the contract was one required by the statute of frauds to be in writing.

Although the petition was afterwards amended by striking the paragraph above referred to, alleging that Freeman procured the deed from the plaintiff by fraud, and substituting therefor a paragraph which alleged that Freeman claimed title to the property under the deed from the plaintiff, and that Freeman had never paid the purchase-price therefor, and at the time of the execution of this deed owed the plaintiff the sum of $1000, there are allegations in the petition as amended, that "this claim" on the part of the plaintiff was known to the defendant, and it was mutually agreed between him and the plaintiff and Freeman that if the plaintiff would not file any suit to recover the land, but would permit Freeman to complete the trade and execute the deed, the defendant would pay the plaintiff $500. There is no difference between the contract as sued on in the former petition and the contract as alleged in the present petition as amended. The alleged contract in both petitions was that if the plaintiff would not file suit to recover the land which the plaintiff had sold to Freeman and for which Freeman had not paid the plaintiff, the plaintiff would let the trade from Freeman to the defendant go through and the defendant would pay the plaintiff $500. It was therefore adjudicated in the former decision, as the law of the case, that the contract sued on is not unenforceable as being within the statute of frauds as contained in the Code, § 20-401(4). Under the law of the case the contract here sued on as alleged in the petition as amended is not unenforceable as being within the statute of frauds.

In the case now before this court there appears no demurrer to the petition raising the question of the statute of frauds, but the defendant in his plea alleges "that the contract sued upon in the plaintiff's petition is a contract that is required by the statute of

frauds [Code, § 20-401(4)] of the State of Georgia to be in writing; and the said contract is not in writing, and that defendant is not bound and is not liable upon the same." This raises the question of the enforceability of the contract sued on only in so far as it might fall within subsection 4 of Code § 20-401 of the statute of frauds. It was particularly with reference to this subsection of the statute of frauds that this court in the former decision referred to held that the contract was not unenforceable. In order to avail himself of the statute of frauds the defendant must specifically plead it. *Tift* v. *Wight,* 113 *Ga.* 681 (39 S. E. 503). Where the question of the statute of frauds is presented for the first time in a ground of the motion for new trial, the defendant having failed to plead the statute, the ground is without merit. *Bridges* v. *Williams,* 148 *Ga.* 276 (96 S. E. 499) ; *Arrington* v. *Horton,* 48 *Ga. App.* 272 (6) (172 S. E. 677). The defendant, in his motion for new trial, as one of the grounds of error, alleges that under the evidence introduced on the trial it appears that the promise of the defendant was to pay the debt of another; and being an oral promise, it is unenforceable under the statute of frauds. As the defendant's plea did not raise the question of the unenforceability of the contract on the ground that it was an oral contract to pay the debt of another, which is unenforceable under the statute of frauds, the question as to the unenforceability of the contract on this ground is not presented for consideration.

Does the evidence show conclusively and as a matter of law that the contract which the jury was authorized under the evidence to find was made between the plaintiff and the defendant was a contract to pay the debt of another, such as would be unenforceable under the statute of frauds, which requires such a contract to be in writing? The evidence authorizes a finding that there was an original obligation to pay the plaintiff for the relinquishment of any claim, either fancied or otherwise, which the plaintiff may have had against the land by reason of Freeman not having paid the plaintiff for the land when the plaintiff deeded it to him. While Hale's promise may have arisen because of the failure of Freeman to pay his debt to the plaintiff, and may have been a promise by Hale to pay what Freeman owed the plaintiff on the purchase-price of the land, Hale himself was purchasing the land and owed a purchase-price therefor. Therefore the promise by

Hale was to pay his own debt and obligation to the plaintiff in consideration of the plaintiff's waiving any right to enforce his claim against Freeman out of the land, and in further consideration of Hale's acquiring the land. A considerable benefit flowed to Hale. He obtained the land, and by virtue of his agreement to pay the plaintiff the $500, he was thereby relieved of his obligation to Freeman. The consideration of the trade between Hale and Freeman was $1000. Hale was to pay Freeman $500, and the plaintiff $500. Whether or not as the result of the contract the plaintiff has released Freeman from $500 of the purchase-price is immaterial. The fact that the principal debtor is released where a contract is made between the creditor and another.person to pay the obligation represented by the debt of the principal debtor is only one of the tests as to whether or not the contract is to answer for the debt of another. In *Holcomb* v. *Mashburn,* 10 *Ga. App.* 781, 783 (74 S. E. 307), it was stated: "One test is whether the original debtor is still held liable, but this is not the only test; because, if the undertaking be a joint one on the part of the original debtor and the new promisor, the undertaking of the latter would still be an original promise, and not a collateral agreement to become surety for the original debtor." As said in *Kiser Co.* v. *Padrick,* 30 *Ga. App.* 642 (8) (118 S. E. 791), "An original undertaking by one person to become primarily liable for the debt of another is not within the statute of frauds." In *Thomason* v. *Pease Co.,* 47 *Ga. App.* 776 (171 S. E. 467) it was held: "When a promise to be answerable for the debt of another is based upon a new consideration which moves to and benefits the promisor, the obligation is in fact his own debt, and not within the statute of frauds, although in form a promise to pay the debt of another and its performance would extinguish the liability of the original debtor." The contract in the case sub judice is an original undertaking by Hale to pay to the plaintiff $500 in consideration of the plaintiff's foregoing any claim he may have against the land by reason of Freeman's default in the payment to the plaintiff of the purchase-price which Freeman was to pay, and of Hale's obtaining title to the land by paying only half of the purchase-price to Freeman and obligating himself to pay the other half to the plaintiff. The contract is not one merely to pay the debt of another. It is not a contract of suretyship. The contract is not unenforceable

under the statute of frauds as being an oral contract to pay the debt of another.

Moreover, the contract is taken without the statute of frauds (Code, § 20-402) by reason of there having been such performance on the part of the plaintiff, in permitting the land to be sold to the defendant and releasing whatever claim the plaintiff may have had against the land for Freeman's debt to the plaintiff, as would render it a fraud by the defendant to refuse to comply with the contract. An oral contract for the sale of land which has been fully executed is taken without the statute of frauds. *Varnell* v. *Varnell,* 156 *Ga.* 853 (120 S. E. 319). In *Holcomb* v. *Mashburn,* 10 *Ga. App.* 781 (74 S. E. 307), it was held that where there was an agreement with M by which he was to make and pay a loan of $500, provided he would pay a debt due by a third person, and the loan was actually made in pursuance of this agreement, there was such performance on one side and acceptance on the other as to take the contract without the statute of frauds. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial. *Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. The action here is based on the theory that the plaintiff owned title to the land. The evidence shows that the land had been sold to Freeman and that the title was in him at the time of the alleged agreement sued on. The only alleged consideration for the promise of Hale to pay Lipham $500 is that Lipham gave Freeman "leave" to sell to Hale. This evidence shows a total lack of consideration, for the reason that permission from Lipham to sell the land was not a prerequisite to the validity of the sale by Freeman to Hale. There is no evidence of any other promise or consideration whatsoever. I do not think the plaintiff is entitled to recover, under the pleadings and the evidence.