34958. SCOGGINS *v.* HILL *et al.*

DECIDED JUNE 23, 1954.

*Augustus M. Roan, M. T. Hartman, III,* for plaintiff in error.
*Stonewall H. Dyer, Jack P. Turner,* contra.

NICHOLS, J. The allegations of the petition show that the plaintiff was hired for an indefinite period by Doris and James Rivers, through their manager, Belote, in July of 1951. His compensation was to be half of the gross proceeds received by the station from advertisers as a result of the plaintiff's announcing and playing records. It is alleged that Hill became the station manager in July of 1952, and it is contended that he then assumed personal responsibility for the plaintiff's compensation by stating, in substance, "If you will continue to work for the owners, I will see to it that your agreement with them is carried out and that you are paid, and we will pay you all the money that is due you."

An agent is not liable for the breach of an employment contract made with him in his capacity as agent for a known principal, in the absence of an express undertaking on his part. *Pearl Assurance Co.* v. *Bernath,* 185 *Ga.* 737 (2) (196 S. E. 389);

*Pelotte* v. *Simmons,* 41 *Ga. App.* 198 (4) (152 S. E. 310); *Gill* v. *Tison,* 61 *Ga.* 161; *Lovelace* v. *Browne,* 126 *Ga.* 802 (3) (55 S. E. 1041).

Granting that the form of Hill's alleged promise does not indicate that it was given only as that of an agent, and that Hill individually became a party to the contract, it appears that Hill was in effect a surety, since the owners, as the principal obligors, were alleged to have ratified the contract and so remained primarily liable for the plaintiff's pay. If Hill had paid the plaintiff, the owners would have been liable to reimburse Hill.

Contracts to answer for the debt of another must be in writing to be binding upon the promisor. Code § 20-401 (2). The owners were alleged to be liable for the services which the plaintiff was to perform in the future, which indicates that the plaintiff was working in fulfilment of his original contract with the owners, and not performing under a new contract made with Hill individually and on behalf of the owners. This also shows that the plaintiff's services were not rendered on Hill's credit alone, and that this part of Hill's undertaking was collateral to that of the owners and was within the statute of frauds.

A new and independent consideration moving to Hill is necessary to show that Hill's promise, to pay for the plaintiff's *past* services, was not collateral. See *Ferst* v. *Bank of Waycross,* 111 *Ga.* 229, 231 (36 S. E. 773); *Thomason* v. *Pease Co.,* 47 *Ga. App.* 776 (171 S. E. 467); *Grafton* v. *Nunnally,* 17 *Ga. App.* 470 (87 S. E. 693); Restatement of the Law of Contracts, § 184. But the allegations of the petition do not show that Hill had a personal, immediate, and pecuniary interest in the plaintiff's continued performance of his duties, or that Hill was directly benefited thereby.

The consideration alleged is that the plaintiff's services were valuable and brought in sales and additional money, presumably to the owners of the station. Hill is alleged to have been benefited in that he participated in the profits. But, in the absence of allegations that there were profits—and, construed against the pleader, the allegation that the "station was operated for a pecuniary gain" is not an allegation that there were profits—or that Hill shared also in the losses, only a possibility of direct benefit to Hill is shown, and this is not a sufficient interest in

the transaction on Hill's part to show that his undertaking to pay for the plaintiff's accrued compensation was original rather than collateral to that of the owners.

The plaintiff alleged that he performed his services, but since they were not of substantial benefit to Hill, this affords no ground for removing from Hill' the protection of the statute. 49 Am. Jur. 803, Statute of Frauds, § 500.

As the petition failed to set out a cause of action against Hill, who resided in Fulton County, where the suit was brought, the court was without jurisdiction of the defendants alleged to be residents of Crisp County, and did not err in sustaining their demurrers. *Jackson* v. *Norton*, 75 *Ga. App.* 650 (44 S. E. 2d 269); *Walker* v. *Whittle*, 83 *Ga. App.* 445 (64 S. E. 2d 87); *Crosby* v. *Calaway*, 65 *Ga. App.* 266 (16 S. E. 2d 155); *Metcalf* v. *Hale*, 42 *Ga. App.* 402 (156 S. E. 301); *Southern States Life Ins. Co.* v. *Statham*, 4 *Ga. App.* 482 (61 S. E. 886).

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*