## 38536. SUMMEROUR v. BURT.

CARLISLE, Judge.  1.  The sole assignment of error in this case is on the judgment of the trial court overruling the general demurrer to the amended petition.  Accordingly, no question is presented for this court as to whether the amendment allowed by the court added a new and different cause of action.  Such question may only be raised by special demurrer and is not presented by a general demurrer to the amended petition.  *Aycock v. Williams*, 185 Ga. 585 (1) (196 S. E. 54).

2.  The petition alleged that the defendant is indebted to the plaintiff upon an open account in a stated sum, a copy of which is attached and marked "Exhibit A"; that the defendant was a stockholder and an officer in a named trucking corporation and that he brought a certain truck belonging to the corporation to the repair shop of the petitioner for repairs; that at the time he brought the truck in and before the plaintiff commenced work on it the defendant stated to the plaintiff that he would be dealing with the defendant individually with respect to the payment of the repair bill and not with the trucking company and that he (the defendant) would see that the bill for repairs was paid and that, although the account was billed in the name of the trucking company, before the work was done credit was given exclusively to the defendant based on his promise as an individual to pay the account.  The fact that "Exhibit A," a copy of a bill or statement for repairs, was made out in the name of the trucking company, would not, in view of the other allegations set forth in explanation thereof, render the petition subject to general demurrer.  The allegations show an original undertaking on the part of the named defendant to pay the bill, and do not show any intention that the trucking company would be liable therefor.  Such allegations do not bring the case within the statute of frauds (*Code* § 20-401 (2)), and the trial judge did not err in overruling the general demurrer thereto.  *Buchanan v. Sterling*, 63 Ga. 227 (4); *Baldwin v. Hiers*, 73 Ga. 739; *Maddox v. Pierce*,

74 Ga. 838; *Cruse v. Foster & Estes,* 76 Ga. 723; *Ellis v. Murray & Word,* 77 Ga. 542; *Crowder v. Keys,* 91 Ga. 180 (16 S. E. 986); *Holcomb v. Mashburn,* 10 Ga. App. 781 (74 S. E. 307); *Cordray v. James,* 19 Ga. App. 156 (1) (91 S. E. 239); *Trapnell v. Bird,* 21 Ga. App. 21 (2) (93 S. E. 498); *Easterling v. Bell,* 29 Ga. App. 465 (1) (116 S. E. 50). *Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 15, 1960.

*George M. MacNider, Walton Hardin,* for plaintiff in error. *Colley & Orr, Wilbur A. Orr, Jr.,* contra.