### 51321. GWINNETT CONCRETE COMPANY, INC. et al. v. LEMOS.

PANNELL, Presiding Judge.

Plaintiff brought an action to recover $5,130.30 plus interest. He contended that this amount was due under an

oral contract of employment with the defendant. Upon the trial of the case, the jury returned a verdict for the plaintiff in the amount of $5,130.30 plus interest. The defendant appeals the judgment, entered in favor of the plaintiff.

Appellee testified that he was informed that the defendant was looking for a commercial block salesman. At that time, appellee was a commercial block salesman for another company. He made an appointment with appellant's vice-president, Mr. Trout, and met with him to discuss the available position. Appellee testified that he told Mr. Trout that he was making $13,000 with his present company and would not consider a change unless he was given an increase in salary. Mr. Trout then guaranteed him $15,000 a year plus a commission. Appellee agreed to these terms, and the two parties "shook hands on it."

Mr. Trout testified that appellee was guaranteed a salary of $9,000 per year plus $30 per week commissions. Appellee was paid a total of $9,869.70. Appellant contends that this amount was equal to the agreed upon schedule since appellee did not work an entire year.

Appellee worked for Gwinnett and Snellville Concrete from January, 1972, to November, 1972. He said that he was then transferred to Miami Brick and Stone by the officers of Gwinnett and Snellville Concrete. Appellee testified that all three of the above corporations were under Trout Investments. *Held:*

1. Appellant urges error in the court's admitting the testimony of appellee as to his income with a former employer. He argues that this was evidence of a transaction between appellee and a third person with reference to a similar, though entirely distinct transaction; and such evidence was irrelevant to the present controversy. See *Merchants Nat. Bank v. Greenwood,* 113 Ga. 306 (38 SE 826).

We do not agree that the evidence of appellee's prior salary was irrelevant to the present controversy. The evidence as to appellee's prior salary was presented in the context of the negotiations between appellee and appellant concerning salary. This evidence was offered to show that appellee was induced to leave his former job for

an increase in his salary of $13,000. This would tend to substantiate his contention that he was guaranteed $15,000 per year, rather than the $9,000 which appellant claimed. It follows that the evidence of appellee's former salary was relevant to the issues of the present controversy; the trial court committed no error in overruling appellant's objection to the testimony.

2. Appellant assigned error in the trial court's "not ruling as a matter of law that the plaintiff was barred from enforcement of the oral contract because it was in violation of the statute of frauds." Appellant failed to plead the statute of frauds; he cannot present the question of statute of frauds for the first time in his motion for new trial or on appeal. *Hale v. Lipham,* 64 Ga. App. 796, 804 (14 SE2d 236). Whether the contract sued on was within the statute of frauds will not be considered by the reviewing court where the defense was not specially pleaded in the trial court. *Powell Paving Co. v. Scott,* 47 Ga. App. 401 (170 SE 529). It follows that this enumeration of error is without merit.

3. The jury was authorized to find that appellant contracted to pay appellee $15,000 annual salary. Appellee worked for appellant for a full year. Appellee was transferred to a brick company by appellant for a portion of this year and worked in the brick company pursuant to the original contract of employment. Appellee was paid $9,869.70; he was due $15,000 under the oral contract of employment. Appellant owed appellee the difference between $15,000 and $9,869.70, which equals $5,130.30. It follows that the evidence supports the verdict.

4. Appellant's testimony was not self-contradictory, vague, or equivocal.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued October 9, 1975 — Decided January 6, 1976.

*Harvey, Willard & Elliott, Wendell K. Willard, John W. Humes, Jr.,* for appellants.

*E. L. Owens,* for appellee.