## 52178. ROSS v. W. P. STEPHENS LUMBER COMPANY.

Submitted May 5, 1976 — Decided May 21, 1976.

*Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellant.

*Charles W. Field,* for appellee.

Deen, Presiding Judge.

There are several enumerations of error all going to the statute of frauds defense. Code § 20-401 (2) requires that a promise to answer for the debt, default, or miscarriage of another be in writing. The promise which must be in writing is collateral, resulting in the second promisor becoming bound along with the original promisor; there is no need for writing if a new promisor, for valuable consideration, *substitutes* himself as the party who is to perform, and releases the original promisor from liability. *Evans v. Griffin,* 1 Ga. App. 327, 328 (57 SE 921). The evidence on this appeal will not support a finding that the original debtor (LHR) was released by the appellee, for suit was brought against it as

a joint defendant to recover on the unpaid account; there was no substitution of Ross as the sole party to perform. *Harris v. Paulk,* 10 Ga. App. 334 (73 SE 430). Neither will the evidence support a finding that the sale was made wholly on Ross' credit. *Flournoy & Epping v. Wooten,* 71 Ga. 169. Compare *Summerour v. Burt,* 102 Ga. App. 687 (117 SE2d 542); rather the evidence demonstrates that LHR's account was charged (Ross never had one nor was one ever opened in his name) and appellee, by bringing suit against both the corporate entity and the individual, was looking to both for the money. *Kersey v. McGowan Undertaking Co.,* 21 Ga. App. 157 (93 SE 1017). When one person tells another to let a third person have goods and that he will see that the debt is paid, in order for the promisor to become bound in the absence of a writing, it is requisite that credit shall be given *exclusively* to the promisor. *Cordray v. James,* 19 Ga. App. 156 (2) (91 SE 239).

The most that can be said for the plaintiff's evidence is that it showed Ross agreed to guarantee payment of the account himself. "The words, 'I will guarantee the payment,' imported the undertaking by one employing the expression to answer for the debt or default of another as a guarantor, in the absence of qualifying terms which might have the effect of showing that the undertaking was an original, independent one, and not collateral." *Southern Coal &c. Co. v. Randall,* 141 Ga. 48, 50 (80 SE 285). From the evidence here it appears that the materials were charged to LHR Corporation and not to Ross and that in bringing suit against both the corporate and the individual it was acknowledged that the words of Ross were not relied upon to establish an independent and original undertaking on his part. On its face this agreement or promise of Ross was an undertaking in the nature of a guaranty or suretyship and in the absence of a writing would be unenforceable. *Southern Coal &c. Co. v. Randall,* 141 Ga. 48, 50, supra. A new trial should have been granted.

*Judgment reversed. Quillian and Webb, JJ., concur.*