## 71513. WELLS v. W. S. WILLIAMS, JR., INC.
(342 SE2d 384)

BENHAM, Judge.

Appellee sued appellant and a corporation owned wholly by appellant. In this appeal from a judgment entered against both defendants, appellant enumerates as error the trial court's denial of his motions for directed verdict and judgment notwithstanding the verdict. The sole ground for the motions was that the alleged oral promise on which appellant's individual liability was based, a promise that he would see to it that the account was paid, was within the Statute of Frauds and, therefore, unenforceable.

Appellant relies on *Ross v. W. P. Stephens Lumber Co.*, 138 Ga. App. 748 (227 SE2d 486) (1976), for the proposition that appellee's decision to sue both appellant and his corporation showed that appellant's undertaking was collateral to the corporation's obligation to pay; and on *Lewis v. Dan Vaden Chevrolet*, 142 Ga. App. 725 (236 SE2d 866) (1977), for the proposition that a promise to pay in the event the primary debtor defaults is within the Statute of Frauds.

Our review of the record convinces us, however, that the evidence authorized the jury to find that appellee extended credit primarily on the basis of appellant's individual promise to pay, which distinguishes this case from *Ross*, supra, and *Lewis*, supra. See *B. J. Howard Corp. v. Skinner, Wilson Strickland*, 172 Ga. App. 180 (1) (322 SE2d 306) (1984). Appellee's president testified that when he had decided not to extend any more credit to appellant's corporation, appellant promised that he would see that the account was paid from his personal funds. Appellee's president further testified that the debt on which this suit is based was incurred after appellant's promise to be personally responsible for paying the account. Under those circumstances, the jury would have been authorized to find that appellant had agreed to be primarily responsible for the debt to be incurred, making that debt an original undertaking by appellant personally. That being so, the debt was not barred as a matter of law by the Statute of Frauds, and appellant was not entitled to a directed verdict or judgment notwithstanding the verdict. *B. J. Howard Corp.*, supra; *Pope v. Triangle Chemical Co.*, 157 Ga. App. 386 (3b) (277 SE2d 758) (1981).

*Judgment affirmed. Banke, C. J., Deen, P. J., Birdsong, P. J., Carley, Pope, and Beasley, JJ., concur. McMurray, P. J., and Sognier, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as I cannot accept the result reached by the majority in the case sub judice. Under the particular facts and circumstances of the case sub judice it is my view that this case is controlled by our decisions in *Ross v. W. P. Stephens Lumber Co.*, 138

Ga. App. 748 (227 SE2d 486), and *Lewis v. Dan Vaden Chevrolet*, 142 Ga. App. 725 (236 SE2d 866). Consequently, I would hold that the trial court erred in denying appellant Wells' motions for directed verdict and judgment notwithstanding the verdict.

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED MARCH 10, 1986.

*Guy V. Roberts, Jr.*, for appellant.
*P. Melton Culpepper, Jr.*, for appellee.