BUCHANAN *vs.* STERLING.

63 227
91 180

1. Where the affidavit for attachment obviously means that the defendant is indebted to the plaintiff in the amount named, a clerical omission of the word *is* will not vitiate.

2. The direction of attachment to sheriffs and constables, when it ought to be directed to constables only, is amendable; and the levy being made by a constable, the proceeding is not void.

3. A physician is not obliged to charge for all his visits though he may have a legal and moral right to do so.

4. Where there is no debt of another, present, past or prospective, there can be no collateral promise to pay it. The promise proved in this case was original, not collateral.

Attachment. Amendment. Contracts. Before Judge HILLYER. Fulton Superior Court. October Term, 1878.

Sterling sued out an attachment against Mrs. Buchanan, returnable to the 1026th district G. M., and had the same levied on certain land by a constable. The justice rendered judgment against the property for the sum claimed. On appeal to the superior court, the same result was reached on a trial had before a jury. The defendant moved for a new trial upon the following grounds:

1. Because the court refused to dismiss the attachment on the grounds that the affidavit did not disclose affirma-

tively that the defendant was indebted to plaintiff, as the verb " is " was omitted before the word " indebted ;" and that the attachment was improperly directed " To all and singular the sheriffs and constables of the state," it being returnable to a justice court.

2. Because the verdict was contrary to evidence, law, and the principles of justice and equity.

The evidence disclosed that the claim sued for was based on an account for medical services rendered by the plaintiff to the brother of the defendant. Plaintiff testified that he was employed by defendant to perform these services, and treated her brother at her special instance and request ; that she was to pay his bill ; that had he charged for every visit his account would have exceeded $100.00 ; that whilst his patient was convalescent, and it was not necessary to prescribe for him, he made no charge ; thus the account was kept within the $100.00, amounting only to $96.00.

The defendant denied that she ever contracted to pay plaintiff, but alleged that she simply told him that her brother would pay him, as he had the money.

The messenger whom defendant sent for plaintiff testified that defendant said she would see the bill paid ; that she had money belonging to her brother ; that plaintiff refused to respond to the call until this statement was made to him.

The motion was overruled, and defendant excepted.

John A. Wimpy, for plaintiff in error, cited Code, §§3273, 3365. 1950 ; 54 *Ga.*, 278 ; 52 *Ib.*, 332 ; 15 *Ib.*, 267 ; 58 *Ib.*, 406 ; 21 *Ib.*, 238.

A. A. Manning, for defendant, cited 20 *Ga.*, 46 ; 15 *Ib.*, 267 ; 44 *Ib.*, 454 ; 37 *Ib.*, 18 ; 30 *Ib.*, 218.

Bleckley, Justice.

1. The affidavit for attachment obviously means to affirm indebtedness. The omission of the verb *is* was a clerical

slip, and can very well be supplied in construction. If the plaintiff were indicted for perjury, no court or jury could doubt that he meant to swear, and did swear, to the existence of the debt.

2. The misdirection of the attachment was amendable, Code, §3316 ; and the levy having been made by a proper officer, was not void. *Warren vs. Purtell*, this term.

3. It is a rare complaint against a physician that his bill is too small. The law puts no such pressure upon a doctor as to require him absolutely to charge for every visit. It allows him the gratification of a free and friendly call upon his patient, even when he has a right to put it in his bill. The gratuitous visits of the plaintiff were made, it seems, during the period of convalescence, and when there was no necessity to prescribe. There is no evidence that his account was ever in fact more than one hundred dollars, so as to be beyond a magistrate's jurisdiction. He may have kept it in bounds, partly for the purpose of having the cheap and expeditious remedy afforded by a justice court, but did this motive appear, we do not know that he would be obliged to charge up to the extreme limit of his right.

4. In support of the verdict, we are to take it that the jury believed the version of the contract given by the plaintiff ; and if so, the promise proved was original, not collateral. There was no credit extended to the defendant's brother, the patient. He was treated at her special instance and request, and on her express promise to pay. There was no debt of the brother to the plaintiff, present, past or prospective ; and that being so, it was impossible that the defendant's promise could have been collateral.

Judgment affirmed.