23381. DARBY v. SAFFOLD & SHARPE.

GUERRY, J. 1. Under the pleadings and evidence, the plaintiff was entitled to recover the sum of fifty dollars at all events. If the evidence for the defendant is accepted as being true, fifty dollars is the entire amount to be recovered. If the evidence for the plaintiff is accepted as being true, the verdict for $350 is demanded. It was error for the court to charge the jury that they should find a verdict for $350 or find in favor of the defendant, and to exclude from the jury the consideration of whether the promise to pay was $100 or $400.

2. The statute of frauds is not involved in this case, either by the evidence or the pleadings. A promise to answer for the debt, default, or miscarriage of another means some definite person. A promise made by an individual, for no named person, and in an undertaking in which the promisor is primarily liable, does not come under the provisions of the statute of frauds. The defendant, under his pleadings and evidence, is primarily liable for some amount, whether it be $50 or $350. No third persons are named in the pleadings or in the evidence as being the ones for whom the defendant is secondarily liable. The work contracted for is for the defendant's benefit; and if he is to escape liability thereon, he must show that the plaintiff agreed to accept some other definite person to be primarily liable for the debt.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 6, 1934.

*B. P. Jackson,* for plaintiff in error.
*H. A. Hodges, Saffold & Sharpe,* contra.