38034.   LANGFORD *v.* MILWAUKEE INSURANCE COMPANY.

DECIDED JANUARY 22, 1960.

*Vincent P. McCauley, Jack M. Thornton,* for plaintiff in error.

*Joe Freeman, Hurt, Gaines, Baird, Peek & Peabody, Swift, Pease, Davidson & Chapman,* contra.

TOWNSEND, Judge. When a suit is brought on a contract it is elementary that the petition must set out all of the elements necessary to show a contract. We are here dealing with a policy of automobile insurance. An insurance company by a policy of liability insurance is bound to pay damages resulting from the negligence of its insured within the policy provisions, and its liability becomes absolute after a judgment is recovered against the insured. If the insurance company so desires, the claim may be settled and/or compromised prior to a suit having been instigated. Being a corporation, an insurance company acts through its agents, and the petition in the instant case alleges that these agents, Crawford & Company and their employee Murray, in

proposing the compromise agreement, upon which suit is here brought, were at all times the agents of the defendant acting in the course of and within the scope of their employment. Thus the acts of the agents were the acts of the defendant.

The oral compromise agreement entered into between the plaintiff and Murray was that the Halley claim would be settled by payment of $4,000 by the defendant to the plaintiff, "if she would forbear and refrain from bringing any legal action against the said Halley or R. R. Tondee, the owner of the aforesaid vehicle, prior to the expiration of the period within which the plaintiff might bring such action, namely, May 15, 1957." It cannot be said that such agreement is without consideration. While the consideration for the $4,000 is undoubtedly the release of the defendant's obligation to Halley under the policy, the consideration for payment by the insurance company before it became legally necessary for it to do so,—that is, before the judgment had been entered up against Halley,—is that the plaintiff would not file an action against Halley during the next two weeks, which is the remainder of the time allowed her under the statute of limitations. While it remained executory such a parol agreement was unenforceable as within the statute of frauds, it being a promise in parol to answer for the debt, default or miscarriage of another (Code § 20-401 (2)), and also a promise to revive a debt barred by the statute of limitations (Code § 20-401 (6)). When the plaintiff forbore to bring the action within that two-week period and thereby allowed the statute of limitations to run there had been such part performance on her part as would render it a fraud upon her for the company to refuse to comply, since she had thereby suffered a detriment by losing her right to legally prosecute the action (Code § 20-402 (3)) unless, as argued by the defendant, this forbearance amounted to mere non-action insufficient to take the case out of the statute of frauds. In *Augusta So. R. Co.* v. *Smith & Kilby Co.*, 106 *Ga.* 864, 869 (33 S. E. 28) it was held: "Mere non-action cannot be treated as performance, either partial or complete. The plaintiff parted with nothing of value and did nothing to its injury. It simply waited, choosing to rely upon a parol agreement which it ought to have known was not legally

binding upon the opposite party." The facts are not set out clearly in the opinion; in the record it appears that the plaintiff, who was bound under a written contract to make delivery by a certain date, relied on an oral statement of the defendants that they would request deliveries as they needed them and it thus breached the contract by failing to offer delivery within the time limit. This case states that *Simonton* v. *Insurance Co.*, 51 *Ga.* 76, "goes to a considerable extent further upon the same line," and in the *Simonton* case it appears that the insured, whose policy was void if the goods were transferred, commenced transferring the goods and the agent, noticing this fact, informed the insured such action would void the policy unless he wished to have the transfer noted thereon; the insured said he did wish to do so and the agent promised to see to it but failed. These cases demonstrate that the non-action referred to is failure by one party to a contract to comply with its terms, by which action he neither parts with anything of value nor does anything to his injury. Forbearance to prosecute a legal claim, on the other hand is a sufficient consideration to support a contract. See *Austell* v. *Rice*, 5 *Ga.* 472; *Hargroves* v. *Cooke*, 15 *Ga.* 321; *Wolfe* v. *Breman*, 69 *Ga. App.* 813 (26 S. E. 2d 633) ; *Ballentine Motors of Ga.* v. *Nimmons*, 93 *Ga. App.* 708 (92 S. E. 2d 714). Being sufficient to support the contract, its execution by refraining from suit is part performance of the contract so as to remove it from the statute of frauds.

There is no merit in the contention that the plaintiff was guilty of laches. If a legally enforceable contract was entered into by parol, the statute of limitations thereon is six years, and the action was brought within that time.

This petition is here on demurrer, and the properly pleaded allegations therein must be taken as true. The allegations that the defendant insurance company itself, through its agents, made a contract which would take the case out of the statute of limitations, and that the plaintiff so performed the new agreement as to remove it from the statute of frauds, make a jury question as to whether these positions can be sustained by proof, and it is not for this court to cut down at this stage a petition which, if

the allegations can be sustained by proper proof, set out a right for recovery.

*Judgment reversed.   Gardner, P. J., and Carlisle, J., concur.*