46441.   SCOTT HUDGENS REALTY & MORTGAGE, INC.
v. EXECUTIVE ACTION, INC.

BELL, Chief Judge. Plaintiff, an employment agency, brought this suit to recover on an alleged debt. The debt claimed is a fee that plaintiff charged for recruiting an employee for the defendant. *Held:*

1. The issue presented is whether the section of the Statute of Frauds concerning a promise to answer for the debt, default or miscarriage of another is applicable to this case. *Code* § 20-401 (2). An employee of the plaintiff testified that he had a conversation with the loan manager of the defendant corporation concerning the subject of "placing an employee" with the defendant. According to this witness the defendant's agent advised that the "employer would pay the placement fee." On the same day this witness interviewed a potential employee and in-

formed the latter about the vacancy at "Scott Hudgens." Immediately preceding the interview concerning employment the third party signed a contract agreeing to pay the plaintiff the placement fee. This third party was subsequently interviewed and hired by the defendant corporation. A letter addressed to the defendant corporation which had for its purpose the verification of an account due the plaintiff, which represented the claimed amount of the placement fee as $840, was answered to the effect that the amount due was $675. The representative of the defendant with whom plaintiff's employee had the earlier conversation admitted talking with the latter but denied he had ever made any oral promise to pay the fee. Although conflicting, the evidence would authorize the trial judge sitting without a jury to find that an oral promise was made to pay the fee. Is this parol promise one that is within the Statute of Frauds? For a promise to pay the debt of another to be within the Statute of Frauds it must be one which is collateral or secondary and is merely superadded to that of another. *Kiser Company v. Padrick,* 30 Ga. App. 642 (8) (118 SE 791). A promise to pay the debt of another which is an original undertaking by which the promisor becomes primarily liable is not within the Statute of Frauds. *Oglesby v. South Ga. Grocery Co.,* 18 Ga. App. 401 (1) (89 SE 436); *Moate v. H. L. Green Co.,* 95 Ga. App. 493, 504 (98 SE2d 185). A promise to answer for the debt, default or miscarriage of another means some definite person. A promise made by an individual for an unnamed person and in an undertaking in which the promisor is primarily liable does not come under the provisions of the Statute of Frauds. *Darby v. Saffold & Sharpe,* 49 Ga. App. 81 (174 SE 250). The plaintiff's evidence of the oral promise to pay the fee was not restricted to any definite person, particularly, the third party that was recruited on behalf of defendant. This evidence authorizes the inference that the agreement to pay the placement fee applied to any person plaintiff recruited for the position. The promise was

an original undertaking by which the promisor became primarily liable. Thus the parol promise to pay the fee is enforceable and not within the Statute of Frauds.

2. The judgment in favor of the plaintiff was authorized by the evidence.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED SEPTEMBER 7, 1971—DECIDED NOVEMBER 19, 1971.

*Johnston & McCarter, Ralph E. Carlisle,* for appellant.
*Maley & Crowe, Wayne C. Crowe,* for appellee.