63949. ZAGORIA v. DuBOSE ENTERPRISES, INC.
63950. ZAGORIA & STONER, P. C. v. DuBOSE
ENTERPRISES, INC.
63951. DuBOSE ENTERPRISES, INC. v. STONER.
64003. FIRST BANK & TRUST COMPANY v. STONER.
64004. ZAGORIA & STONER, P. C. v. FIRST BANK & TRUST
COMPANY.
64013. ZAGORIA v. FIRST BANK & TRUST COMPANY.

SOGNIER, Judge.

These six appeals arose from two suits in which the issues were substantially the same and the defendants identical.

Zagoria and Stoner were co-shareholders in a professional corporation, Zagoria & Stoner, P. C., organized for the practice of law under the Georgia Professional Corporation Act, Code Ann. § 84-5401 et seq. On November 24, 1980 and November 26, 1980, Zagoria acted as closing attorney in certain real estate closings. At the first closing, Zagoria issued a check, drawn on the Citizens and Southern Bank of Cobb County on the escrow account of Zagoria & Stoner, P. C., for $3,130 to DuBose Enterprises, Inc. (DuBose) for

commission as real estate broker. At the second closing, Zagoria issued a check for $673.66 on the same escrow account to purchasers, Lester L. and Donna J. DeSalvo, who endorsed and delivered the check to DuBose in payment for an indebtedness unrelated to the instant action. DuBose deposited the two checks and they were subsequently returned unpaid.

On November 25, 1980, Zagoria closed four construction loans for which First Bank & Trust Co. (First Bank) was the lender. Zagoria issued two checks to First Bank, drawn on Citizens and Southern Bank of Cobb County on the escrow account of Zagoria & Stoner, P. C. The checks to First Bank were in the amounts of $54,000, representing a "lot-release charge" and $5,071.68, representing the commitment fee in connection with the construction loans. First Bank deposited the checks and they were returned unpaid. Zagoria later paid First Bank $34,500 in partial payment on the checks.

DuBose and First Bank sued Zagoria & Stoner, P. C. and Zagoria and Stoner individually to recover on the checks. The trial court awarded summary judgment against Zagoria individually and Zagoria & Stoner, P. C. to DuBose in the amount of $3,803.66, and to First Bank in the amount of $25,066.68. The court granted Stoner's motion for summary judgment and denied motions of DuBose and First Bank for summary judgment against Stoner individually. The losing parties all appeal.

1. Case nos. 63951 and 64003.

a. Appellants DuBose and First Bank contend that Stoner, as a shareholder, should be individually liable for the dishonored checks and should not be allowed the protection of the corporate shield from liability for the professional corporation's debts. We do not agree.

The Georgia Professional Corporation Act provides: "[S]hareholders of the [professional] corporation in their capacity as shareholders, shall enjoy the rights, privileges and immunities and shall be subject to the obligations and liabilities of [shareholders of] . . . corporations organized for profit under the Georgia Business Corporation Code . . . except as changed, restricted, or enlarged by the provisions of this Chapter." Code Ann. § 84-5403. Under the Business Corporation Code, shareholders are not personally liable for the corporation's debts. See Code Ann. § 22-601; *Independent Gasoline Co. v. Bureau of Unemployment Compensation,* 190 Ga. 613, 614 (10 SE2d 58) (1940), cert. denied, 311 U. S. 707 (61 SC 175, 85 LEd 459) (1940). However, appellants argue that the Professional Corporation Act enlarges a shareholder's liability so that Stoner would be liable for the checks written by Zagoria. Appellants rely upon Code Ann. § 84-5407, which provides that "nothing contained in this Chapter shall change the law or existing standards applicable to the

relationship between the person furnishing a professional service and the person receiving such service including . . . the contract, tort and other legal liabilities and professional relationships between such persons." We agree that this provision can increase the degree of personal liability of a shareholder in a professional corporation, *but only* when the shareholder in question is "the person furnishing a professional service" whose relationship with "the person receiving such service" is governed by law or standards that impose personal liability greater than that of shareholders in a for-profit corporation organized under the Georgia Business Corporation Code. Since the instant case involves a professional corporation organized for the practice of law, the applicable standards are those adopted by the Supreme Court of Georgia pursuant to Code Ann. § 9-702, and the relationship governed is that of attorney and client. See e.g. Code of Professional Responsibility, Rules 3-104 to 3-107 (Code Ann., Title 9, Appendix). Therefore, only if the shareholder in the instant case was the attorney in the attorney/client relationship out of which the liability arose will such shareholder face personal liability greater than that which would have been imposed against a shareholder in a corporation organized under the Business Corporation Code. See In the Matter of the Florida Bar, 133 S2d 554 (Fla. 1961); In re New Hampshire Bar Assn., 266 A2d 853 (N.H. 1970); In the Matter of Rhode Island Bar Assn., 263 A2d 692 (R.I. 1970); 4 ALR3d 383.

Evidence in the instant case shows that "the person furnishing a professional service," that is, the attorney involved in the transactions in question, was Zagoria, not Stoner. Affidavits submitted by Stoner showed that Stoner rendered no services in connection with the transactions in which the checks were issued and further, that he seldom participated in the corporation's real estate practice which was handled almost exclusively by Zagoria. Appellants have presented no evidence to the contrary. Even if it were shown that Stoner was the attorney for the transactions in question, there is no evidence that either DuBose or First Bank were the clients in those transactions. In the context of a professional corporation engaged in the practice of law, the reference in Code Ann. § 84-5407 to "person receiving such service" can only be to the client for whom the attorney is rendering professional services. Any other interpretation would be contrary to the Code of Professional Responsibility requirement that obligates an attorney "to exercise professional judgment solely on behalf of his client . . ." and not on behalf of third parties who may also participate in a given transaction. Code of Professional Responsibility, Rule 3-105, EC 5-21 (Code Ann., Title 9, Appendix).

The Code of Professional Responsibility recognizes the use of a

professional corporation to limit liability. Rule 3-106, EC 6-6 (Code Ann. Title 9, Appendix) provides: "A lawyer should not seek, by contract or other means, to limit his individual liability to his client for his malpractice. A lawyer who handles the affairs of his client properly has no need to attempt to limit his liability for his professional activities and one who does not handle the affairs of his client properly should not be permitted to do so. *A lawyer who is a stockholder in or is associated with a professional legal corporation may, however, limit his liability for malpractice of his associates in the corporation, but only to the extent permitted by law.*" (Emphasis supplied.)

Therefore, under the Georgia Professional Corporation Act, the personal responsibility of the attorney to his client is unchanged. However, attorney-shareholders of a professional corporation who do not participate in the rendering of the services out of which a claim arises will be free from personal liability for that claim, should it mature.

b. Appellants DuBose and First Bank next argue that appellee Stoner entered into enforceable agreements with each of them to compensate them for losses on the unpaid checks issued by Zagoria.

The facts concerning the making of such agreements are not entirely agreed upon by the parties, but it is undisputed that the discussions between Stoner and DuBose and Stoner and First Bank during which any agreements were made occurred after the checks issued to DuBose and First Bank had been returned unpaid and that any agreements reached were oral.

DuBose's president, James R. DuBose III, states that Stoner advised that if Mr. DuBose "would continue to use him as [Mr. DuBose's] attorney, Mr. Stoner would charge him a reduced fee for his legal services in order to compensate [Mr. DuBose] for his losses." Stoner states that Mr. DuBose told him he wanted to continue to use Stoner, after which Stoner disavowed any personal liability to DuBose and told Mr. DuBose "that whenever Mr. DuBose should choose to use the professional services of [Stoner], [Stoner] would provide him with a slight reduction in fees."

First Bank's officer, David H. McGinnis, states that Stoner advised him that "if [McGinnis] would allow Defendant, Marvin J. Zagoria, additional time to make payment on these checks before taking any other action, Defendant, Michael A. Stoner, would see to it that the Bank received payment on these checks, even if Mr. Stoner had to borrow funds . . ." First Bank claims that it relied on this statement in allowing additional time before taking legal action. According to Stoner, the request for additional time was merely a message he relayed to McGinnis for Zagoria and his remarks

regarding borrowing funds had to do with his desire to compensate *DuBose's* loss, rather than the loss of First Bank. Stoner denies making a promise to "see to it" that First Bank received payment.

Because DuBose and First Bank are the parties opposing the motion for summary judgment, all inferences from the evidence must be construed favorably to them. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442) (1962). We will therefore assume the existence of agreements with Stoner of some nature for purposes of our review. Since the agreements were admittedly oral, we must first determine whether they are defeated by the requirement of the Statute of Frauds that "[a] promise to answer for the debt, default, or miscarriage of another . . ." be in writing to be binding on the promisor. Code Ann. § 20-401. DuBose and First Bank rely on *Chastain-Roberts Co. v. Better Brands,* 141 Ga. App. 186 (233 SE 2d 5) (1977) to assert that their agreements with Stoner constituted original undertakings that needed no writing to be enforceable.

The facts in *Chastain-Roberts* differed significantly from those in the instant case. In *Chastain-Roberts,* the plaintiff extended credit to a third party in reliance on the defendant's oral promise to make future payments. *Chastain-Roberts,* 141 Ga. App. at 190, supra. The instant case involves an alleged promise to assume an *existing debt* of a third party. The line of judicial decisions in which an oral promise has been held to constitute an original undertaking to assume the debt of another rather than a mere collateral promise contains a common factual element that is missing from the instant action — the extension of credit on goods and services, or a party otherwise changing his position, in reliance on the promise. See e.g., *Crowder v. Keys,* 91 Ga. 180 (16 SE 986) (1892); *Maddox v. Pierce,* 74 Ga. 838 (1885); *Buchanan v. Sterling,* 63 Ga. 227 (1879); *Cordray v. James,* 19 Ga. App. 156 (1) (91 SE 239) (1916).

Whether a promise to assume the debt of another is an original undertaking or a collateral one is a "question . . . of intent and whether the parties meant for the promisor to stand in the place of the third party." *Lewis v. Dan Vaden Chevrolet,* 142 Ga. App. 725, 729 (236 SE2d 866) (1977). While words to the effect of, " 'I'll see that he gets paid' . . . are ordinarily indicative of an original undertaking . . .," courts will still look to the intent of the parties to make the defendant primarily liable to the plaintiff. *Lewis,* 142 Ga. App. at 729, supra. In the instant case, DuBose and First Bank have demonstrated that it is not their intention to substitute Stoner for the original debtor, the professional corporation, but instead to look to Stoner *and* the corporation for payment by bringing suit against both. *Ross v.*

*W. P. Stephens Lbr. Co.,* 138 Ga. App. 748, 749 (227 SE2d 486) (1976).

Any promises made by Stoner were therefore collateral and came within the Statute of Frauds. Stoner is not bound by any oral promises to either DuBose or First Bank to assume any of the corporation's debt because a collateral promise to assume the debt of another must be in writing to be binding. *Ross,* 138 Ga. App. at 749, supra; *Bennett Oil Co. v. Harrell,* 143 Ga. App. 268 (238 SE2d 267) (1977); *Lewis,* 142 Ga. App. at 729, supra. Code Ann. § 20-401 (2).

c. Appellants finally argue that even if this court determines that any promises made by Stoner are collateral and not original, there has still been sufficient part performance to remove the promises from the Statute of Frauds. Part performance will take a contract out of the Statute of Frauds if the court's failure to compel a performance would "render it a fraud of the party refusing to comply." Code Ann. § 20-402. DuBose bases its contention of part performance on its use of Stoner's legal services at a reduced fee but offers no showing of fraud that would be worked by Stoner if the agreement were not enforced. *Hudson v. Venture Indus.,* 147 Ga. App. 31, 33 (1) (248 SE2d 9) (1978), aff'd. 243 Ga. 116 (252 SE2d 606) (1979). Moreover, even if we accepted DuBose's contention that the reduced fee arrangement translates into a promise by Stoner to assume the indebtedness on the checks, such a promise was merely gratuitous, without consideration, and unenforceable, even if it had existed in writing. *Coastal States Equip. Co. v. Heilweil Ind.,* 155 Ga. App. 896, 898 (273 SE2d 627) (1980). See also *Coldwell Co. v. Cowart,* 138 Ga. 233 (2) (75 SE 425) (1912). "[A] promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor, or any benefit secured to the debtor in consequence of the undertaking [Cits.] . . . is mere nudum pactum." *Davis v. Tift,* 70 Ga. 52, 56 (2) (1883).

First Bank contends its forbearance in prosecuting its legal claim for recovery on the checks is sufficient consideration to support a contract and constitutes part performance that removes Stoner's oral promise from the Statute of Frauds. First Bank's reliance on *Langford v. Milwaukee Ins. Co.,* 101 Ga. App. 92 (113 SE2d 165) (1960) is misplaced. The forbearance exercised by the plaintiff in that case took her claim beyond the statute of limitation. First Bank has suffered no similar detriment, as it filed its complaint in this action a mere six weeks after Zagoria issued the checks that were subsequently dishonored. For want of detriment to First Bank, Stoner's alleged promise was without consideration and unenforceable. *Foote v. Reece & Son,* 17 Ga. App. 799 (1) (b) (88 SE 689)

(1916); *Davis,* 70 Ga. at 56, supra.

The trial court's orders granting summary judgment in favor of Stoner and denying DuBose's and First Bank's motion for summary judgment against Stoner were correct.

2. Case nos. 63949, 64013.

a. Appellees DuBose and First Bank contend that Zagoria's individual liability is established under the Georgia Professional Corporation Act which provides in pertinent part: "[N]othing contained in this Chapter shall change the law or existing standards applicable to the relationship between the person furnishing a professional service and the person receiving such service including, but not by way of limitation, the rules of privileged communication and the contract, tort, and other legal liabilities and professional relationships between such persons." Code Ann. § 84-5407. Appellees argue that in the transactions conducted by Zagoria, the phrase, "person receiving such service" should be construed to include all recipients of checks issued by Zagoria, namely, DuBose and First Bank.

For reasons discussed in Division 1a above, we do not agree that "person receiving . . . service" in the context of a professional corporation engaged in legal practice can be defined to include anyone other than the client for whom the attorney renders professional services. As there was no evidence identifying the client represented by Zagoria in the two real estate closings as DuBose or the client in the construction loan closings as First Bank, appellees on this motion for summary judgment cannot rely on this portion of the Act as authority to hold Zagoria individually liable on the amounts of the checks.

b. A shareholder of a professional corporation is subject to the obligations and liabilities of shareholders of corporations organized for profit under the Georgia Business Corporation Code "except as changed, restricted, or enlarged by the provisions of [the Professional Corporation Act.]" Code Ann. § 84-5403. No other provisions of the Act limit the liabilities of shareholders in professional corporations beyond the limits of shareholder liability established for business corporations organized for profit. The law applicable to business corporations and professional corporations alike, then, is that shareholders enjoy limited liability but they will be liable individually for their own tortious or wrongful acts. *Willson v. Appalachian Oak Flooring &c. Co.,* 220 Ga. 599, 608 (140 SE2d 830) (1965); *Wrigley v. Nottingham,* 111 Ga. App. 404, 406 (1) (141 SE2d 859) (1965), rev'd. on other grounds, 221 Ga. 386 (144 SE2d 749) (1965), conformed to, 112 Ga. App. 622 (145 SE2d 829) (1965); *Bailey v. State,* 84 Ga. App. 839 (1) (67 SE2d 830) (1951).

To support their motions for summary judgment, appellees DuBose and First Bank produced evidence that Zagoria, a shareholder and agent of Zagoria & Stoner, P. C., in conducting certain real estate and construction loan closings, issued checks on the corporation's escrow account which were returned unpaid and for which payment has not been made, but appellees presented no evidence to show that Zagoria issued the checks with knowledge that they would be dishonored. DuBose and First Bank alleged that the account on which the checks were drawn was closed but presented no evidence on this point. Absent evidence of tortious or wrongful acts on Zagoria's part, we are constrained to reverse the summary judgments against him individually granted by the trial court to DuBose and First Bank. *Sturdivant v. Chapman,* 146 Ga. App. 26, 28 (2) (245 SE2d 311) (1978). See, Super Valu Stores v. First Nat. Bank of Columbus, Ga. v. Muncy, 463 FSupp. 1183, 1194 (M. D. Ga. 1979).

3. Case nos. 63950, 64004.

a. Appellant, Zagoria & Stoner, P. C., contends that the trial court erred in granting summary judgment in favor of appellees, DuBose and First Bank, because issues of fact remain and because appellees failed to pierce appellant's affirmative defense. In its answers to complaints filed by appellees, DuBose and First Bank, appellant corporation affirmatively pleaded as a defense that injury to appellees was caused by tortious acts of persons other than the corporation, and that any acts on the part of Zagoria which may have caused appellees' losses, "were *ultra vires,* unauthorized or beyond the scope of any authority to act for [the professional corporation] . . ." Appellant corporation reiterated this defense in response to appellees' requests for admission. While admitting Zagoria's participation in the real estate and construction loan closings at which the checks in question were issued, the corporation asserted that Zagoria had intentionally and fraudulently misappropriated escrow funds, and that these actions were ultra vires, unauthorized and beyond his scope of authority.

Appellees DuBose and First Bank contend that because they are holders in due course of the checks issued during the real estate closings, the appellant corporation is limited to the defenses enumerated at Code Ann. § 109A-3—305. Thus, appellees argue that the appellant corporation is precluded from its defense that Zagoria's actions exceeded the scope of his authority. However, appellees' interpretation of the Uniform Commercial Code overlooks the fact that even if appellees are holders in due course, which the evidence appears to support but which we need not determine here, they took the checks free only from "all defenses of any party to the instrument with whom the holder has not dealt . . ." Code Ann. § 109A-3—305 (2).

In at least three of the four transactions in which the checks were issued, DuBose and First Bank *dealt with* Zagoria & Stoner, P. C. Though they may be holders in due course, since they dealt with the maker of the instruments, appellees took subject to the maker's defenses. *James Pair, Inc. v. Gentry,* 134 Ga. App. 734, 735 (1) (215 SE2d 707) (1975); *Hall v. Westmoreland, Hall & Bryan,* 123 Ga. App. 809, 811 (182 SE2d 539) (1971). Only in the instance of the check issued by Zagoria & Stoner, P. C. to the DeSalvos and endorsed to DuBose might the appellant corporation be limited to the defenses listed at Code Ann. § 109A-3—305 (2). However, it is not clear from the record that DuBose did not "deal with" Zagoria & Stoner, P. C. in this transaction. As to one who is *not* a holder in due course, he takes the instrument subject to "all defenses of any party which would be available in an action on a simple contract . . ." Code Ann. § 109A-3—306 (b); *Hall,* 123 Ga. App. 809, supra; *Seamans v. Miller,* 142 Ga. App. 147, 148 (235 SE2d 542) (1977). Thus, appellant corporation's defenses are not limited to those enumerated in Code Ann. § 109A-3—305.

b. As movants for summary judgment, it was incumbent upon appellees DuBose and First Bank to pierce appellant corporation's specially pleaded defense that its employee's actions exceeded the scope of his authority to act for the corporation. *Peppers v. Siefferman,* 153 Ga. App. 206, 207 (3) (265 SE2d 26) (1980). However, neither DuBose nor First Bank presented any evidence addressing this defense or purporting to show Zagoria's scope of authority or that he had acted within it. By their failure to pierce, or even to address, the appellant corporation's affirmative defense, appellees have failed to carry their burden as movants on motions for summary judgment to establish that there is no genuine issue of material fact. *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430, 431 (231 SE2d 447) (1976). Since material issues of fact remain for resolution by a jury, the trial court erred in granting summary judgment in favor of appellees DuBose and First Bank. *Smith v. First Am. &c. Co.,* 139 Ga. App. 292 (228 SE2d 227) (1976).

"Our ruling is that [appellees have] not met [their] procedural burden under Code Ann. § 81A-156 and 'does not necessarily mean that [appellant is] entitled to finally prevail [cit.], nor does it necessarily fix the law of the case. [Cits.]' We intimate no opinion as to the relative merits or lack thereof of the claims or defenses raised by the parties to this action." *Stratton,* 140 Ga. App. at 431, supra.

*Judgments affirmed in case nos. 63951 and 64003. Judgments reversed in case nos. 63949, 63950, 64004 and 64013. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1982 —
REHEARING DENIED OCTOBER 15, 1982 — 

James S. Owens, Jr., Robert L. Goldstucker, for appellants (case nos. 63949, 64013).

Joseph C. Parker, Alan Manheim, Jeffrey M. Smith, Richard L. Shackleford, Bruce H. Beerman, Teresa O. Weiner, for appellee (case nos. 63949, 64013).

Warren C. Fortson, Bruce H. Beerman, Deborah S. Burks, for appellant (case nos. 63950, 64004).

Joseph C. Parker, Alan Manheim, Jeffrey M. Smith, Richard L. Shackleford, Teresa O. Weiner, James S. Owens, Jr., Robert L. Goldstucker, for appellee (case no. 63950).

Joseph C. Parker, for appellants (case nos. 63951, 64003).

James S. Owens, Robert L. Goldstucker, Alan Manheim, Jeffrey M. Smith, Bruce H. Beerman, for appellee (case no. 63951).

James S. Owens, Robert L. Goldstucker, Alan Manheim, Jeffrey M. Smith, Richard L. Shackleford, Bruce H. Beerman, for appellee (case no. 64003).

Joseph C. Parker, Alan Manheim, Jeffrey M. Smith, Richard L. Shackleford, Teresa O. Weiner, James S. Owens, Jr., for appellee (case no. 64004).