### 68506. B. J. HOWARD CORPORATION et al. v. SKINNER, WILSON & STRICKLAND.
(322 SE2d 306)

CARLEY, Judge.

Appellee performed certain legal services for appellants, who are an individual and a closely-held corporation. Appellee instituted the instant action to recover unpaid fees. After a jury trial, a verdict was rendered in favor of appellee, and judgment was entered upon the verdict. Following the denial of their motion for judgment n.o.v. or for a new trial, appellants appeal.

1. Appellants first assert that appellee's claim is barred by the Statute of Frauds. OCGA § 13-5-30 (2) provides that "[a] promise to answer for the debt, default, or miscarriage of another" is enforceable only if in writing. No such writing exists in the instant case.

The debts at issue were created as a result of legal services performed by appellee at the direction of appellant Howard with regard to his personal business, corporate business, and business involving a corporate employee. Appellants contend that the Statute of Frauds precludes Howard's individual liability for debts incurred by the B. J. Howard Corporation, of which Howard was and is the majority and controlling shareholder. They further assert that the B. J. Howard Corporation cannot be held legally responsible for the debts of certain other closely-held corporations, of which it was the controlling shareholder.

"For a promise to pay the debt of another to be within the Statute of Frauds it must be one which is collateral or secondary and is merely superadded to that of another. [Cit.] A promise to pay the debt of another which is an original undertaking by which the prom-

isor becomes primarily liable is not within the Statute of Frauds. [Cits.]" *Scott Hudgens Realty &c. v. Executive Action,* 125 Ga. App. 81, 82 (186 SE2d 504) (1971). "[I]f the agreement of the third party guarantor is an original undertaking; that is, one furthering his own interests rather than underwriting the debt of another, it is not within the Statute of Frauds. [Cits.]" *Howard, Weil, Labouisse, Fredericks, Inc. v. Abercrombie,* 140 Ga. App. 436, 438 (231 SE2d 451) (1976). "Whether a promise to assume the debt of another is an original undertaking or a collateral one is a 'question . . . of intent and whether the parties meant for the promisor to stand in the place of the third party.' [Cit.]" *Zagoria v. DuBose Enterprises,* 163 Ga. App. 880, 884 (296 SE2d 353) (1982), rev'd on other grounds, *First Bank & Trust Co. v. Zagoria,* 250 Ga. 844 (302 SE2d 674) (1983).

Construed most strongly in favor of the verdict, the evidence in the instant case authorized a finding that appellee's legal representation of appellants was based upon a personal relationship with Howard, and that appellee's services were rendered on behalf of Howard individually. The interests of Howard and the B. J. Howard Corporation were the same, and the bills for all legal work, whether personal or corporate, were sent to the corporation. The services received by the B. J. Howard Corporation and by the other Howard-controlled corporate entities were merely an incident of the manner in which Howard conducted his business. Additionally, unlike the situations in *Ross v. W. P. Stephens Lumber Co.,* 138 Ga. App. 748 (227 SE2d 486) (1976) and *Zagoria,* supra, there was evidence from which the jury could find that appellee ultimately looked exclusively to Howard individually for payment.

The evidence was sufficient for the jury to find an original undertaking by Howard individually in incurring the subject debt, and that Howard was "furthering his own interests rather than underwriting the debt of another." Accordingly, appellee's claim was not barred by the Statute of Frauds. See generally *Pope v. Triangle Chemical Co.,* 157 Ga. App. 386 (277 SE2d 758) (1981); *Chastain-Roberts Co. v. Better Brands,* 141 Ga. App. 186 (233 SE2d 5) (1977).

2. Appellants enumerate as error the trial court's charge to the jury concerning the "alter ego" theory of piercing the corporate veil.

"It is well settled that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary [that] there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be made in respect to it. [Cits.]" *Jones v. Maghdoussian,* 159 Ga. App. 839, 841 (285 SE2d 267) (1981). There was evidence in the instant case that Howard himself did not treat the B. J. Howard Corporation and the other Howard-controlled corporations as separate entities, but

that he treated his various business and personal interests together. Howard merged the financial dealings of a California-based corporation with those of the B. J. Howard Corporation in Georgia, and he transferred funds among the various corporations which he controlled. He closed the office of the California corporation without holding a directors' meeting or obtaining the prior consent of any other persons involved. Additionally, there was testimony that Howard used corporate funds to pay personal debts, and that he paid by personal check a bill that was sent to the B. J. Howard Corporation for legal services performed for a partnership in which he held an interest as an individual.

The foregoing evidence amply supported a charge on the alter ego theory of piercing the corporate veil, and provided a sufficient basis for the jury to find that the corporate veil had been pierced. *Bone Constr. Co. v. Lewis*, 148 Ga. App. 61 (250 SE2d 851) (1978); *Trans-American Communications v. Nolle*, 134 Ga. App. 457 (214 SE2d 717) (1975). Compare *Williams Plaza, Inc. v. Sedgefield Sportswear Div.*, 164 Ga. App. 720 (297 SE2d 342) (1982).

3. Appellants further enumerate as error the failure of the trial court to instruct the jury to return a separate verdict as to each defendant.

An examination of the charge given by the trial court reveals that the jury was properly instructed that it could find neither, either or both of the defendants liable. Appellants did not request any particular charge on the form of the verdict, nor did they except to the instructions which were given. Moreover, after the verdict was published, the trial court inquired whether there were any objections to its form, and counsel for appellants expressly stated that there were none. Accordingly, appellants may not raise the issue on appeal. *Hall v. Robinson*, 165 Ga. App. 410 (300 SE2d 521) (1983).

4. Appellants finally enumerate as error the denial of their motion for judgment n.o.v. or for a new trial. Since there was sufficient evidence to support the jury's verdict, the denial of this motion was not erroneous. *Ga. Farm Bureau Mut. Ins. Co. v. Matthews*, 149 Ga. App. 350 (254 SE2d 413) (1979).

*Judgment affirmed. Quillian, P. J., and Birdsong, J. concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984

*Philip L. Ruppert, Mark A. Stevens*, for appellants.
*Richard A. Katz, James J. Brissette*, for appellee.