### In re INTERNATIONAL HORIZONS, INC., Debtor.

### In re INTERNATIONAL HORIZONS (CURACAO), N.V., Debtor.

### In re NORTH AMERICAN EXPORTS, INC., Debtor.

### In re INTERNATIONAL HORIZONS, N.V., Debtor.

### In re WORLD OF ENGLISH, N.V., Debtor.

### In re COMMUNICATION & STUDIES INTERNATIONAL, LTD., Debtor.

### In re FINANCIAL RESOURCES, K.K., Debtor.

Bankruptcy Nos. 81–01231A to 81–01234A, 81–02822A, 81–02823A and 82–00404A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 10, 1985.

David G. Bisbee, Bisbee, Parker & Rickertsen, Atlanta, Ga., for debtors.

A.O. Bracey III, Somers & Altenbach, Atlanta, Ga., for Markatron, Inc.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

International Horizons, Inc. ("International Horizons"), the debtor, objected to the proof of claim filed by Markatron, Inc. ("Markatron") for $47,506.53. This Court held a hearing on the matter on February 16, 1983. At the hearing it was agreed that Markatron was a creditor of Kosmos International, Inc. ("Kosmos"), a subsidiary of International Horizons. The parties disputed the issue of whether Markatron had a valid claim against International Horizons for the indebtedness of Kosmos. International Horizons has not expressly agreed in writing to pay this debt. Markatron argued that International Horizons was nevertheless liable to Markatron on the debt. Markatron contended that International Horizons assumed the debt and that International Horizons was the "alter ego" of Kosmos. International Horizons asserted that neither contention was correct and affirmatively responded that any oral assumption of the debt by International Horizons was barred by the Georgia Statute of Frauds in O.C.G.A. § 13–5–30(2). This Court deferred ruling on this issue, because it appeared that the sale of the Kosmos subsidiary might provide funds sufficient to satisfy all of the creditors of Kosmos, including Markatron.

The subsequent sale of the assets of Kosmos yielded Markatron only $11,877.00. Markatron's claim is now reduced from $47,506.53 to $35,629.53. International Horizons's objection to Markatron's proof of claim is now ripe for consideration by this Court.

The Court is confronted with three issues: (1) whether International Horizons has expressly assumed the obligation to pay the debt owed by Kosmos to Markatron; (2) if so, whether that assumption is subject to Georgia's Statute of Frauds; and (3) whether International Horizons is the "alter ego" of Kosmos such that International Horizons should be liable for Kosmos' debts.

With regard to the first issue, it is undisputed that International Horizons has not expressly assumed the debt in writing. However, Markatron offers two pieces of evidence that International Horizons has otherwise assumed the debt. First, Markatron offers an excerpt from the minutes of a meeting of the Board of Directors of

International Horizons held on January 24, 1983, which reads as follows: "With respect to the status of the Cosmos [sic] subsidiaries of the corporation, the directors expressed their desire to settle the claims of other creditors of the Cosmos [sic] subsidiaries in full." Transcript of the hearing on February 16, 1983 (hereinafter "Transcript") at 6. This quote from the minutes can be more clearly understood within the context of the rest of the minutes, which go on to indicate that the Board desired that the proceeds from the sale of the Kosmos subsidiary should be applied first to the payment of creditors of Kosmos. The Court cannot conclude from this language that the Board was promising to assume Kosmos' liabilities.

As the second component of its argument, Markatron offers the "anticipated testimony" of Mr. Peter Holmes, an officer of both International Horizons and Kosmos. Counsel for Markatron stated that if Mr. Holmes were sworn in as a witness, he would testify that he has communicated to Markatron that " '[w]hen all is said and done, we would see to it'—an undefined 'we'—'[t]hat the claim of the Debtor to Markatron of about forty-six thousand dollars would be paid.' " Transcript at 4.

The quoted statement presents two problems. First, the "undefined 'we' " makes it difficult to determine whether Holmes was speaking on behalf of International Horizons or Kosmos. Second, because this is "anticipated testimony", the Court feels constrained to exercise caution in relying on the exact words. Counsel for International Horizons accepted the accuracy of the quotation only to the extent that it evidences Holmes' "desire and intent for the Kosmos creditors to be paid in full." Transcript at 8.

In light of these problems, the "anticipated testimony" of Mr. Holmes does not appear sufficient to support a finding that International Horizons has assumed the obligation to pay the debt. Because the "anticipated testimony" is open to interpretation, however, the Court finds that it at least arguably supports a finding that In-

ternational Horizons has orally assumed the obligation to pay the debt. For this reason, the Court will examine the applicability of the Statute of Frauds.

Assuming *arguendo* that there has been an oral assumption of the debt by International Horizons through Mr. Holmes, the issue is whether that assumption is barred by Georgia's Statute of Frauds in O.C.G.A. § 13–5–30(2). The statute provides that:

> "[t]o make the following obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him:
>
> . . . .
>
> (2) [a] promise to answer for the debt, default, or miscarriage of another."

The Georgia Court of Appeals noted that this provision of the Statute of Frauds does not apply to "an original undertaking by which the promisor becomes primarily liable. . . ." *Scott Hudgens Realty & Mortgage, Inc. v. Executive Action, Inc.*, 125 Ga.App. 81, 82, 186 S.E.2d 504 (1971); *see also B.J. Howard v. Skinner, Wilson & Strickland*, 172 Ga.App. 180, 180–81, 322 S.E.2d 306 (1984).

In its letter brief dated April 15, 1985, Markatron asserted that the assumption of the debt by International Horizons falls within the exception to the Statute of Frauds found in the cases of *Scott Hudgens* and *B.J. Howard*. In *Scott Hudgens*, 125 Ga.App. at 82, the Court found that the "original undertaking" exception to the Statute of Frauds applied, when Scott Hudgens Realty & Mortgage, Inc. ("Scott Hudgens") orally promised to pay a placement fee to Executive Action, Inc. ("Executive"), an employment agency. In return for the promise, Executive located a candidate for employment in Scott Hudgens. The new employee then signed an agreement obligating himself to pay the placement fee to Executive. The Court held that Scott Hudgens' promise could not be characterized as a promise to answer for the debt of the employee at a time when the identity of that employee had not yet been determined. *Id.*, 125 Ga.App., at 82, 186 S.E.2d 504. As

a result, the Court concluded that Scott Hudgens' oral promise was an "original undertaking." *Id.* at 82–83, 186 S.E.2d 504. The present case is distinguishable from *Scott Hudgens* in that Kosmos had been identified as the third party obligor well in advance of International Horizons' alleged assumption of the debt.

In *B.J. Howard,* the Court found the promisor liable for attorney's fees also owed by his 100% owned corporation and its subsidiaries. The Court decided that the Statute of Frauds did not apply, because in making the promise to pay, the promisor was "furthering his own interests rather than underwriting the debt of another." *B.J. Howard,* 172 Ga.App. at 181, 322 S.E.2d 306. The facts essentially were that legal services were rendered by the promisee on behalf of the promisor individually, the interests of the promisor and his corporation were the same, and the promisee ultimately looked exclusively to the promisor for payment. *Id.* at 181, 322 S.E.2d 306.

In the present case, there is no evidence that when it allegedly assumed the debt, International Horizons was furthering its own interests. Moreover, there is no evidence that when the debt was created, Markatron's performance in return for the debt was on behalf of International Horizons or that Markatron looked exclusively to International Horizons for payment. The alleged assumption of the debt by International Horizons therefore does not fall within the exception to the Statute of Frauds as found in *B.J. Howard.*

Directly on point is the case of *Zagoria v. DuBose Enterprises Inc.,* 163 Ga.App. 880, 296 S.E.2d 353 (1982), *rev'd on other grounds, First Bank & Trust Company v. Zagoria,* 250 Ga. 844, 302 S.E.2d 674 (1983). The Court in that case held:

> The instant case involves an alleged promise to assume an *existing debt* of a third party. The line of judicial decisions in which an oral promise has been held to constitute an original undertaking to assume the debt of another rather than a mere collateral promise contains a common factual element that is missing from

the instant action—the extension of credit on goods and services, or a party otherwise changing his position, in reliance on the promise. [Cits.].

> Whether a promise to assume the debt of another is an original undertaking or a collateral one is a "question ... of intent and whether the parties meant for the promisor to stand in the place of the third party." [Cits.] While words to the effect of, " 'I'll see that he gets paid' ... are ordinarily indicative of an original undertaking ...," courts will still look to the intent of the parties to make the defendant primarily liable to the plaintiff.

*Id.* at 884, 296 S.E.2d 353 (citations omitted). The Court went on to find that since the promisee looked to both the promisor and the third party for payment, the promisee had shown that it did not intend to substitute the promisor for the third party. The Court concluded that the promise was collateral and must comply with the Statute of Frauds. *Id.* at 884–885, 296 S.E.2d 353.

■ Because Kosmos owed the debt before the alleged assumption by International Horizons, the present case "involved an alleged promise to assume an *existing debt.*" There is no evidence of any "extension of credit on goods and services" or any other change of position by Markatron in reliance on the alleged assumption. Evidence does indicate that Markatron has looked to both Kosmos and International Horizons for payment on the debt. Based on the holding in *Zagoria,* the Court finds that the alleged assumption of the debt by International Horizons must comply with the Statute of Frauds. Since the requisite signed writing has not been presented to this Court, Markatron is barred from recovering on the alleged assumption of the debt.

On the issue of whether International Horizons is the "alter ego" of Kosmos such that International Horizons should be liable for Kosmos' debt, Markatron advances the case of *Consolidated Rock Products Company v. Du Bois,* 312 U.S. 510, 61 S.Ct. 675, 85 L.Ed. 982 (1941). In that case, the

United States Supreme Court held that Consolidated Rock Products Company ("Consolidated") was responsible for the obligations of its subsidiaries. *Id.* at 524, 61 S.Ct. at 684. In making its finding, the Court noted several facts as follows:

There has been a unified operation of those several properties by Consolidated pursuant to the operating agreement. That operation not only resulted in extensive commingling of assets. [Sic.] All management functions of the several companies were assumed by Consolidated. The subsidiaries abdicated. Consolidated operated them as mere departments of its own business. Not even the formalities of separate corporate organizations were observed, except in minor particulars such as the maintenance of certain separate accounts.

*Id.* at 523, 61 S.Ct. at 684. Markatron argues that when the board of directors of International Horizons ordered its subsidiary Kosmos to liquidate its assets, International Horizons participated in the management of Kosmos to the extent required by *Consolidated.*

The finding in *Consolidated* focused on the parent corporation's participation in the day-to-day management of the subsidiary corporation. Markatron's argument focuses on the disregard for corporate formalities possibly indicated by International Horizons' order to Kosmos to liquidate. Such an order by a 100% shareholder to the management of its subsidiary corporation is ordinarily an acceptable form of shareholder participation in the affairs of the subsidiary corporation. The tone of the order provides little if any indication of a lack of respect for corporate formalities by International Horizons with regard to the day-to-day management of Kosmos. This Court does not find that the holding in *Consolidated* implies that International Horizons is the "alter ego" of Kosmos.

The Georgia Court of Appeals quoted the applicable test as follows:

" 'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is

such unity of interest and ownership that the separate personalities of the corporation and the owner no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.' [Cits.] Great caution should be exercised by the court in disregarding the corporate entity ..."

*Williams Plaza, Inc. v. Sedgefield Sportswear Division of Blue Bell, Inc.,* 164 Ga. App. 720, 720–21, 297 S.E.2d 342 (1982) (quoting *Farmers Warehouse v. Collins,* 220 Ga. 141, 150, 137 S.E.2d 619 (1964)).

With this caution in mind, this Court does not find, based on the order to Kosmos to liquidate, that there is "such unity of interest and ownership." No evidence has been presented to show that Kosmos was a "mere instrumentality" of International Horizons when the debt was created, and there is no evidence of fraud or other injustice that would be protected by adherence to the doctrine of corporate entity. The Court therefore concludes that International Horizons is not the "alter ego" of Kosmos.

Accordingly, for the reasons stated above, it is hereby ORDERED that International Horizons' objection to Markatron's proof of claim is SUSTAINED.