74910. MANAGEMENT RECRUITERS OF ATLANTA NORTH,
INC. v. J & B SMITH COMPANY, INC. et al.
(362 SE2d 462)

McMURRAY, Presiding Judge.

Management Recruiters of Atlanta North, Inc. (plaintiff) brought an action against J & B Smith Company, Inc. (corporate defendant) and Richard L. Smith (Smith) to recover fees for services rendered by plaintiff to corporate defendant. In his complaint, plaintiff alleged that Smith is responsible for payment of said fees because he "personally guaranteed" payment of the fees "[i]n consideration of [plaintiff's] forebearance [sic] from suing [corporate defendant] . . ." Smith's motion for summary judgment regarding his liability based on this allegation was granted. Plaintiff appeals. *Held*:

Summary judgment is proper only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56 (c). In the case sub judice, it is undisputed that Smith personally guaranteed payment of corporate defendant's debt to plaintiff "[i]n consideration of [plaintiff's] forebearance [sic] from suing [corporate defendant] . . ." It is also undisputed that this agreement was oral and took place after plaintiff rendered the services to corporate defendant, after corporate defendant had been charged for the services and after payment had not been forthcoming. "Thus, '(t)he instant case involves an alleged promise to assume an *existing debt* of a third party.' . . . *Zagoria v. DuBose Enterprises,* 163 Ga. App. 880, 884-885 (296 SE2d 353) (1982), reversed on other grounds, 250 Ga. 844 (302 SE2d 674) (1983)." *Trans-State v. Barber,* 170 Ga. App. 372, 373 (1), 375 (317 SE2d 242).

"A promise to answer for the debt, default, or miscarriage of another must be in writing. Code § 20-401 (2) [now OCGA § 13-5-30 (2)]. There are various exceptions: if the agreement of the third party guarantor is an original undertaking; that is, one furthering his own interests rather than underwriting the debt of another, it is not within the Statute of Frauds. *McLendon v. Frost,* 57 Ga. 448; *Casteel v. Allgood,* 31 Ga. App. 107 (1) (119 SE 456); *Scott Hudgens Realty & Mtg., Inc. v. Executive Action, Inc.,* 125 Ga. App. 81 (186 SE2d 504)."

*Howard, Weil &c. Inc. v. Abercrombie,* 140 Ga. App. 436, 438 (2) (231 SE2d 451). " 'The line of judicial decisions in which an oral promise has been held to constitute an original undertaking to assume the debt of another rather than a mere collateral promise contains a common factual element . . . [, either] the extension of credit on goods and services, or a party otherwise changing his position, in reliance on the promise. (Cits.) . . .' *Zagoria v. DuBose Enterprises,* 163 Ga. App. 880, 884-885 [supra]." *Trans-State v. Barber,* 170 Ga. App. 372 (1), 375, supra.

In support of its sole enumeration of error in the case sub judice, plaintiff contends "[t]he trial court erred in granting . . . Smith summary judgment . . . because a question of fact remains regarding whether he entered into an original undertaking with [plaintiff] to answer for [corporate defendant's] debt." In this regard, plaintiff argues that its forbearance in prosecuting a legal action against corporate defendant to recover the fees owed to it by corporate defendant is sufficient to remove Smith's promise from the Statute of Frauds. We do not agree.

Plaintiff suffered no detriment as a result of its forbearance in bringing an action against corporate defendant. This is apparent because plaintiff's complaint against Smith and corporate defendant was filed within the applicable statute of limitation and within six months from the time any fees for services became due. See *Augusta Southern R. Co. v. Smith & Kilby Co.,* 106 Ga. 864 (2) (33 SE 28). Compare *Langford v. Milwaukee Ins. Co.,* 101 Ga. App. 92 (113 SE2d 165). Consequently, "[f]or want of detriment to [plaintiff], [Smith's] alleged promise was without consideration and unenforceable. *Foote v. Reece & Son,* 17 Ga. App. 799 (1) (b) (88 SE 689) (1916); *Davis [v. Tift,* 70 Ga. 52, 56 (2) (1883).]" *Zagoria v. DuBose Enterprises,* 163 Ga. App. 880 (1) (c), 885, 886, supra, rev'd on other grounds, 250 Ga. 844 (302 SE2d 674) (1983).

From another perspective, "[plaintiff has] demonstrated that it is not [its] intention to substitute [Smith] for the original debtor, [corporate defendant], but instead to look to [Smith] *and* the corporation for payment by bringing suit against both. (Cit.) Any promises made by [Smith] were therefore collateral and came within the Statute of Frauds. [Smith] is not bound by any oral promises to [plaintiff] to assume any of the corporation's debt because a collateral promise to assume the debt of another must be in writing to be binding. (Cits.)' (Emphasis in original.) [Cit.]" *Trans-State v. Barber,* 170 Ga. App. 372 (1), 375, supra. The trial court did not err in granting Smith's motion for summary judgment.

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED OCTOBER 28, 1987.

*Jeffrey N. Berman, Pamela D. Adler*, for appellant.
*Susan L. Howick*, for appellees.